**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Phil Davis,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Zuffa LLC, et al.,<br><br>　　　　　Defendants. | Case No. 2:25-cv-00946-RFB-BNW<br><br>**ORDER** |

Before this Court is Defendants' motion seeking to seal and/or redact exhibits attached to its Opposition to Plaintiffs' Statement of Missing Information (at ECF No. 92).[1] ECF No. 94. No opposition has been filed.

**I.    Analysis**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify

---

[1] The sealed/unredacted brief and exhibits are filed at ECF No. 93.

private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010) (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

Defendants seek to seal/redact several documents filed in an opposition to a statement regarding missing documents. Because these documents are attached to a matter that is not dispositive or more than tangentially related to the merits of the case, this Court applies the good cause standard. *Kamakana*, 447 F.3d at 1179.

Good cause exists to seal/redact the exhibits in question.

Exhibits 3-4, 6-8, and 12 are instant or text message threads. Exhibits 2, 5, 9-11, and 24 are email threads. The portions sought to be redacted contain PII or discuss sensitive business information. Redaction of PII is authorized by rule and local practice. Fed. R. Civ. P. 5.2; LR IC 6-1. Where the messages discuss competitively sensitive business information, good cause exits to apply Defendant's proposed redactions on that basis as well. *First 100 LLC v. Omni Fin., LLC*, No. 2:16-cv-00099-RFB-CWH, 2016 WL 5661916, at *1 (D. Nev. Sept. 29, 2016) (Boulware, J.)

("Protecting proprietary information from public knowledge is sufficient under the stricter 'compelling reasons' standard, and is therefore sufficient in this instance in which the lower 'good cause' standard applies.").

Exhibit 1 is an internal organizational chart. Courts in this District have sealed organizational charts because they contain "confidential internal business . . . organization, and capabilities." *Clark v. Metropolitan Life Ins. Co.*, No. 3:08-cv-00158-LRH-VPC, 2010 WL 1006823, at *1 (D. Nev. Mar. 16, 2010).

Exhibits 18-22 and 25 contain competitively sensitive business information. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-570 (9th Cir. 2008) (explaining that competitive harm exists where information is given to "competitors who do not know or use it[]" and "might harm a litigant's competitive standing.").

Exhibits 13-14 and 16 contain confidential third-party information. Public access to these documents will harm Defendants' relationships with the non-parties who prepared the documents, given that it was the parties' express understanding that the agreements would be kept confidential. *Leftenant v. Blackmon*, No. 2:18-CV-01948-EJY, 2020 WL 6747710, at *3 (D. Nev. Nov. 17, 2020).

## I.    CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Seal at ECF No. 94 is **GRANTED**. The Clerk of Court is directed to maintain under seal the exhibits at ECF No. 93.

DATED: December 17, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE