WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@dirllp.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@dirllp.com
AGBEKO PETTY (Pro hac vice)
apetty@dirllp.com
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
Tel: (202) 240-2900

J. COLBY WILLIAMS (No. 5549)
jcw@cwlawlv.com
SAMUEL R. MIRKOVICH (No. 11662)
srm@cwlawlv.com
CAMPBELL & WILLIAMS
710 South 7th Street
Las Vegas, NV 89101
Tel: (702) 382-5222

CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600

*Attorneys for Defendants Zuffa, LLC,
TKO Operating Company, LLC and TKO
Group Holdings, Inc.*

[Additional counsel listed on signature page]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Kajan Johnson, Clarence Dollaway, and Tristan Connelly, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Zuffa LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC) and Endeavor Group Holdings, Inc.,<br><br>Defendants. | Case No.: 2:21-cv-01189-RFB-BNW<br><br><br>**DEFENDANTS' REQUEST REGARDING ACCESS TO DIGITAL FORENSIC EXTRACTIONS AND DEVICES ALLOWED BY COURT'S ORDER APPOINTING INDEPENDENT EXAMINER** |
| Phil Davis, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>Zuffa LLC, TKO Group Holdings, Inc. (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.,<br><br>Defendants. | Case No.: 2:25-cv-00946-RFB-BNW |

When the Court appointed a digital forensic expert, the Court's Instructions were clear that once the digital forensic expert completed his Phase I work, the expert "*shall provide the extraction, and its corresponding device, to Defendants for examination*". Dkt. 516. Mr. Wedin, the Court's digital forensic expert, completed his Phase I work and provided his report to the parties on May15, 2026. At the May 18, 2026, status conference, Mr. Wedin testified regarding his report and the Court ordered Defendants to conduct certain analysis and respond to various issues raised by his testimony. Despite the Court's Instructions to Mr. Wedin, Defendants have not been permitted access to the extraction reports or the corresponding devices that formed the basis of Mr. Wedin's report and testimony. Defendants require access to these extraction reports and devices in order to, among other things, respond to the Court's questions as set forth in its May 27, 2026 Minute Order (Dkt. 553) and prepare for the evidentiary hearing set for June 29, 2026. As a result, Defendants respectfully request that Mr. Wedin be directed to provide a copy of the Phase I extraction reports and the associated devices so that Defendants can respond to the Court's questions and effectively prepare for the evidentiary hearing.

A.      **The Court's Instructions for Court-Appointed Digital Forensic Analyst**

On April 28, 2026, this Court entered the Court's Instructions which set forth the procedures governing Mr. Wedin's examination of certain mobile devices. *See* Dkt. 516. With the completion of Phase One and the commencement of Phase Two, the Court's Instructions unambiguously provide:

> For those devices identified in Phase One that the Expert can access, the Expert shall perform a full file system extraction to the extent possible. If a full file system extraction is not possible, the Expert may perform an advanced logical extraction. *In either case, the Expert shall provide the extraction, and its corresponding device, to Defendants for examination* to determine whether the data contains, among other things, privileged communications and/or responsive material.

*Id*. (emphasis added).

Mr. Wedin completed his Phase One work and submitted his Preliminary Report on May 15, 2026.[1] At the May 18, 2026, status conference, the Court made several observations regarding

---

[1] The Court Instructions required Mr. Wedin to provide the parties and the Court with his report by May 11, 2026. Despite emails from Defendants Zuffa and TKO, as well as the Court, the report was not received until May 15, 2026, the Friday before the Monday, May 18 status conference.

Mr. Wedin's report and Mr. Wedin testified regarding his findings.[2]

### B. Defendants' Requests for the Extractions and Devices

Following the hearing, on May 20, 2026, Defendants sent a request to Mr. Wedin, copying the Court, asking Mr. Wedin how best to facilitate the transfer of the extractions and corresponding devices pursuant to the Court's Instructions. Defendants made this specific outreach in order to facilitate the electronic transfer of the extractions, and physical transfer of the devices, directly to Defendants' digital forensic personnel rather than to counsel in court. Mr. Wedin responded on May 20, 2026 that,

> "Regarding the extractions, I brought them on disc to court with me when I appeared. I asked the Court if I was to provide those over to anyone, to which I was instructed to keep them. Please get guidance from the Court as to what I do with them, since I was explicitly instructed to not turn them over to anyone at the hearing. I am happy to comply to any direction, and I already have the media prepared to send out."

On May 22, 2026, Defendants wrote to the Court seeking guidance. The Court responded on May 22, 2026, advising that the matter would not be addressed until the next hearing on June 3, 2026.

### C. Defendants Need The Extraction Reports and Devices In Order To Prepare For The June 29 Hearing

Defendants cannot respond to certain of the Court's questions, conduct their own analysis, or prepare for the evidentiary hearings scheduled for June 29, 2026, without the ability to review the devices and corresponding extraction reports. In particular, without access to the devices and extractions, Defendants cannot:

- Respond to, contextualize, or explain Mr. Wedin's report or testimony. Without access to the underlying extraction data, Defendants' own experts cannot independently verify or challenge Mr. Wedin's findings, nor can they provide the Court with the alternative explanations and context that the Court requested Defendants to present.

---

[2] During the May 18, 2026, hearing, Mr. Wedin indicated that he had the extractions on a drive with him in Court. *See* Dkt. 549, at 129–130. The Court instructed Mr. Wedin to retain the drive and counsel did not object. *Id*.

DEFS' REQUEST RE ACCESS TO DIGITAL FORENSIC
EXTRACTIONS AND DEVICES                    CASE NOS. 2:21-CV-01189-RFB-BNW, 2:25-CV-00946 RFB-BNW

2

- Perform the Court-ordered comparison analysis.  The Court directed that a comparison be made between Mr. Wedin's extractions and earlier collections by Defendants' E-Discovery vendors in order to determine whether messages were deleted from Hunter Campbell's phones.  While the Court indicated that Mr. Wedin would perform this comparison, the Court *also required* Defendants' own experts to conduct this review, stating "Because what I'm going to ask the experts to do is to follow what Mr. Wedin suggested, Mr. Williams, is compare the messages on these phones with the current collection.  Because that would potentially address this issue as relates to deletion or not with respect to Mr. Campbell's messages." Dkt. 549, at 91; *see also id.* at 93 ("No, no, no. What Mr. Wedin had suggested is what I'm going to ask you all to do.  I'm going to ask him to do it, too, which is to take the current extraction of Mr. Campbell's phones, compare it to these extractions.")  Defendants' experts are, of course, unable to conduct this comparison analysis without the devices and extraction reports.

- Confirm how and why certain devices have been assigned their respective names.  The ability to examine the extraction reports may assist Defendants' E-Discovery vendor in determining the origin of any device name that referred to "Holo."

- Conduct their own examination to determine whether the data on the devices contains privileged communications and/or responsive material, as the Court's Instructions expressly contemplate and require.  This is particularly critical given that at least two of the devices examined are associated with Hunter Campbell, who served as Chief Legal Officer of the UFC, and whose communications may contain privileged content.  Given the volume of material on Mr. Campbell's phones (over 140,000 text messages on each device according to Mr. Wedin), such analysis will plainly require many hours of work by multiple lawyers.

The expert analysis necessary to prepare for the upcoming June 29 evidentiary hearing will be extensive and time-consuming.  Defendants' digital forensic expert will have to, for example, examine the phones that form the basis of Mr. Wedin's analysis; review and analyze Mr. Wedin's extraction reports; review and analyze Mr. Wedin's Phase I findings; and review and analyze Mr.

DEFS' REQUEST RE ACCESS TO DIGITAL FORENSIC EXTRACTIONS AND DEVICES        CASE NOS. 2:21-CV-01189-RFB-BNW, 2:25-CV-00946 RFB-BNW

3

Wedin's forthcoming Phase II findings.  But without the phones and extraction reports this analysis cannot even begin.  Accordingly, Defendants request that the Court direct Mr. Wedin to provide Defendants with the devices and extraction reports.

Dated: May 28, 2026                                          Respectfully Submitted,

                                                             By: */s/ Christopher Yates*
WILLIAM A. ISAACSON (*Pro hac vice*)       CHRISTOPHER S. YATES (*Pro hac vice*)
wisaacson@dirllp.com                                  chris.yates@lw.com
JESSICA PHILLIPS (*Pro hac vice*)             AARON T. CHIU (*Pro hac vice*)
jphillips@dirllp.com                                      aaron.chiu@lw.com
AGBEKO PETTY (*Pro hac vice*)               LATHAM & WATKINS LLP
apetty@dirllp.com                                        505 Montgomery Street, Suite 2000
DUNN ISAACSON RHEE LLP                     San Francisco, CA 94111
401 Ninth Street NW                               Tel: (415) 391-0600
Washington, DC 20004
Tel: (202) 240-2900                                  SEAN M. BERKOWITZ (*Pro hac vice*)
                                                             sean.berkowitz@lw.com
J. COLBY WILLIAMS (No. 5549)            LATHAM & WATKINS LLP
jcw@cwlawlv.com                                     330 North Wabash Ave, Suite 2800
SAMUEL R. MIRKOVICH (No. 11662)    Chicago, IL 60611
srm@cwlawlv.com                                    Tel: (312) 876-7700
CAMPBELL & WILLIAMS
710 South 7th Street, Ste. A                    JOSEPH AXELRAD (*Pro hac vice*)
Las Vegas, NV 89101                              joseph.axelrad@lw.com
Tel: (702) 382-5222                                  DANIELLE LENECK (*Pro hac vice*)
                                                             danielle.leneck@lw.com
                                                             LATHAM & WATKINS LLP
                                                             10250 Constellation Blvd, Suite 1100
                                                             Los Angeles, CA 90067
                                                             Tel: (424) 653-5500

*Attorneys for Defendants Zuffa, LLC, TKO Operating Company, LLC and*
*TKO Group Holdings, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing Defendants' Request Regarding Access to Digital Forensic Extractions and Devices Allowed by Court's Order Appointing Independent Examiner was served on May 28, 2026, via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ Christopher S. Yates
Christopher S. Yates (*Pro hac vice*) of
LATHAM & WATKINS LLP

DEFS' REQUEST RE ACCESS TO DIGITAL FORENSIC EXTRACTIONS AND DEVICES    CASE NOS. 2:21-CV-01189-RFB-BNW, 2:25-CV-00946 RFB-BNW

5