Michael Dell'Angelo (*Pro hac vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Email: mdellangelo@bergermontague.com

Counsel for Plaintiff Phil Davis and the Proposed Class

[Additional Counsel Listed on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

PHIL DAVIS, on behalf of himself and all others similarly situated,

Plaintiff,

v.

ZUFFA, LLC, TKO GROUP HOLDINGS, INC. (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,

Defendants.

Case No.: 2:25-cv-00946-RFB-BNW

**PLAINTIFF PHIL DAVIS'S OPPOSITION TO ZUFFA, LLC AND TKO GROUP HOLDINGS, INC.'S MOTION FOR AN ORDER TO SHOW CAUSE [ECF NO. 384]**

Plaintiff Phil Davis ("Plaintiff") respectfully submits this opposition to the Motion for an Order to Show Cause filed by Defendants Zuffa, LLC and TKO Group Holdings, Inc. ("Defendants") (ECF No. 384, the "Motion" or "Mot.").

## I. INTRODUCTION

Seventeen months after the Court consolidated discovery in this action with *Johnson v. Zuffa, LLC*, No. 2:21-cv-01189 (D. Nev.), and despite engaging in numerous meet-and-confers on the matters to be discussed in Rule 26(f) conferences, submitting four joint and contested discovery plans and schedules to the Court captioned for the *Davis* case (ECF Nos. 34, 65, 235, 335), and conducting themselves as though a Rule 26(f) conference had occurred (not least by serving two sets of Rule 34 requests for production and Rule 36 requests for admission on Mr. Davis and then demanding a meet and confer over Plaintiff's discovery responses, which would violate the Federal Rules absent a preceding Rule 26(f) conference), Defendants inexplicably ask the Court to order Plaintiff to show cause for failing to hold a Rule 26(f) conference. The Motion is frivolous and should be denied for at least three reasons.

Defendants' Motion seeks the following relief: (1) Plaintiff to show why he has not complied with Rule 26(f), LR 26-1(a) and the substantial completion deadline; (2) initiate and hold the Rule 26(f) conference; (3) Plaintiff to serve amended Rule 26(a)(1) disclosures; (4) within 30 days of the Court's order, Plaintiff to substantially complete his production of documents identified in his amended Rule 26(a)(1) disclosures; and (5) *Davis* to proceed on a schedule that trails *Johnson*, with deadlines running from the date of Plaintiff's full compliance with Rule 26(f), LR 26-1(a), and Rule 26(a)(1), including complete production of documents. Mot. at 19. For the reasons discussed below, requests 1, 2, and 3 are moot, and request 5 is neither appropriate nor warranted.[1] Once the Court determines a Rule 26(f) conference in *Davis* is unnecessary, as Plaintiff argues below, Defendants' remaining requests fall away.

*First*, the Parties participated in multiple Rule 26(f) conferences, and the only matter that

---

[1] Regarding item 4, to the extent Plaintiff identifies any documents or information that he anticipates he may rely on to support his claims or defenses that are in his possession, custody, or control, he will produce it to Defendants within 30 days of the Court's order on Defendants' Motion.

had not been addressed by the Parties prior to the filing of Defendants' Motion is Defendants' own failure to serve the disclosures required by Rule 26(a)(1)—***a failing that Defendants have yet to remedy***. Just days after Plaintiff filed this action, the Court consolidated it with the already-pending *Johnson* action. Approximately three weeks after filing, Plaintiff sent Defendants a proposed discovery plan and scheduling order on June 19, 2025. Ex. 1. When Defendants shirked their obligation to respond, Plaintiff followed up on July 13, 2025. *Id.* The Parties then exchanged numerous written drafts and meet and confer correspondence and held a meet and confer conference on July 24, 2025, over the very issues to be covered in a Rule 26(f) conference. Exs. 2–4. Ultimately, the Parties filed a Joint Status Report containing a discovery plan and proposed schedule, ECF No. 34, a proposed Protective Order, ECF No. 44, and a proposed ESI Stipulation, ECF No. 43, each of which arose out of those meet and confer conferences and efforts. The Parties then submitted a further Joint Discovery Plan and Scheduling Order at the Court's direction following the August 26, 2025 status conference. ECF Nos. 53, 65. Throughout, the Court directed and supervised this process: it required joint status reports before every status conference, ECF No. 13, ordered the scheduling submissions the Parties then filed, ECF Nos. 53, 229, and set deadlines in *Davis* based on them, ECF No. 298. The following year, the Parties submitted further briefing on the case schedule for *Davis* (ECF Nos. 235, 335) and the limits on interrogatories (*Johnson* ECF No. 724). These are the issues Rule 26(f) is designed to address, and the Parties and the Court have addressed them repeatedly.

*Second*, even accepting the specious argument that the Parties' substantial meet-and-confer efforts and filings on the very issues required by Rule 26(f) were somehow not a Rule 26(f) conference, no separate Rule 26(f) conference was necessary following the *Johnson* Rule 26(f) conference. Rule 26(f)(1) does not require the conference "when the court orders otherwise," and the Court ordered otherwise when it consolidated discovery and directed the Parties to submit joint scheduling proposals across the coordinated actions. ECF Nos. 13, 53, 229; *Johnson* ECF Nos. 244, 517.

*Third*, until filing the instant Motion, Defendants' conduct confirms that they believed the Rule 26(f) conference either happened or was unnecessary because the Court "order[ed]

otherwise" under the Rule. The Parties have proceeded with discovery in *Davis*, as their scheduling submissions confirm. For example, Defendants served written discovery in this action, including Requests for Admission pursuant to Fed. R. Civ. P. 36 (served April 17, 2026) and Requests for Production pursuant to Fed. R. Civ. P. 34 (served June 10, 2026 and November 12, 2026). Plaintiff timely responded to the April and June discovery, and Defendants then met and conferred to dispute the bases for Plaintiff's objections and responses. If no Rule 26(f) conference had occurred, as Defendants now say, Rule 26(d)(1) would have barred that discovery ***and subjected Defendants to sanctions***. Indeed, on November 12, 2026—the day of the hearing before this Court, and while their Motion was pending—Defendants served a Second Set of 101 Requests for Production on Plaintiff Davis. Ex. 8. Defendants' continued service of discovery while prosecuting a motion premised on the contention that discovery has not opened confirms both that the Motion is frivolous and that Defendants have suffered no prejudice. The Parties jointly sought to extend fact discovery "in all three pending cases" because of "the issues associated with coordinating the *Cirkunovs* and *Davis* cases." ECF No. 65 at 4 n.1. The Parties again submitted *Davis*-specific schedules in May 2026. ECF No. 235. In August 2026, they proposed identical *Johnson* and *Davis* discovery deadlines, including the September 30, 2026 substantial completion deadline the Court had already set for both cases. ECF Nos. 298, 335. Defendants cannot invoke open discovery when it suits them, *e.g.*, Mot. at 14, while burdening Plaintiff and this Court with motion practice that hinges on Defendants' contention that the required step that opens discovery never happened. Both things cannot be true. Defendants' conduct establishes that the Rule 26(f) requirements were satisfied. They cannot ask the Court to pretend otherwise so that they can claim relief for the absence of the very conference their own discovery presupposes. *See infra* § III.E.

The Motion's real purpose appears in its final request: that *Davis* "proceed on a schedule that trails *Johnson*." Mot. at 19. Defendants made that same argument in May and August 2026. ECF Nos. 235, 335. They first claimed that no Rule 26(f) conference had occurred on October 28, 2026, four weeks after the substantial completion deadline passed. The Motion is a faulty and transparent vehicle to relitigate the schedule, and the Court should deny it.

## II. BACKGROUND

### A. The Court Consolidated Discovery in *Davis* and *Johnson* Shortly After This Action Was Filed

Plaintiff filed this action on May 29, 2025. ECF No. 1. Almost immediately thereafter, on June 3, 2025, the Court ordered that discovery in *Johnson*, *Cirkunovs*, and *Davis* "shall be consolidated to the extent that such discovery overlaps." ECF No. 13. Counsel for the parties in *Johnson* held a Rule 26(f) conference on August 2, 2021. *Johnson* ECF No. 51. On June 19, 2025, Plaintiff's counsel sent Defendants' counsel (1) a Joint Status Report draft setting forth a proposal for "Coordination Among the Three Actions," the proposed expansion of the discovery limits (*i.e.*, for depositions and interrogatories) from those agreed for *Johnson* due to the filing of the *Davis* and *Cirkunovs* actions, and a proposed schedule for all three actions; (2) a proposed, revised Protective Order that would apply to all three actions, instead of only *Johnson*; and (3) a proposed, revised ESI Stipulation that would apply to all three actions, instead of only *Johnson*. Ex. 1. After Plaintiff's counsel followed up on July 13, 2025, Defendants responded with revisions to the Joint Status Report on July 14, 2025. Ex. 2. Plaintiff's counsel responded on July 16, 2025, with a detailed, point-by-point rebuttal to Defendants' changes on the various discovery limits and scheduling issues, offering to meet and confer. Ex. 3. The Parties then held a telephonic meet and confer conference on these issues on July 24, 2025, leading to Defendants' further redlines on the scope of discovery and schedule on August 5, 2025. *See* Ex. 4. After nearly two more weeks of substantial back and forth on the language to be included in the joint filing, the Parties filed a Joint Status Report in *Davis* that included their agreements and Party statements on the scope of discovery and the schedule. ECF No. 34 at 6–10. These matters are the bulk of what Fed. R. Civ. P. 26(f) directs parties to discuss at conferences. The Parties then filed their revised, agreed proposed Protective Order (ECF No. 44) and ESI Stipulation (ECF No. 43).

That was not, however, the end of the Parties' discussions on these Rule 26(f) issues. Indeed, during the August 26, 2025 Status Conference, the Court ordered the Parties to file a

"Proposed Scheduling Order." ECF No. 53.[2] On September 29, 2025, the Parties filed a Joint Stipulated Discovery Plan and Scheduling Order. ECF No. 65; *see also id.* at 4 n.1 (Parties jointly asked the Court to extend fact discovery: "Given the issues associated with coordinating the *Cirkunovs* and *Davis* cases, the Parties . . . jointly request an extension of the fact discovery deadline and the future deadlines keyed from it in all three pending cases."). In short, the Parties negotiated the subjects a Rule 26(f) conference must cover, submitted those subjects to the Court, and the Court decided them.

The Court has since directed the Parties to keep discovery moving across the actions while the spoliation issues in *Johnson* are decided. At the December 4, 2025 hearing, the Court stated: "I assume the discovery's moving forward in these other cases . . . . So that's not in any way to suggest that you all shouldn't continue to propound discovery, they shouldn't continue to propound discovery . . . ." Dec. 4, 2025 Hr'g Tr. at 76, ECF No. 138. Defendants did not then raise any purported concern about the absence of a Rule 26(f) conference—almost certainly because the Parties had been proceeding (as Plaintiff was) as if the requirement had been satisfied or otherwise dispensed with pursuant to the Court's consolidation order.

### B. The Parties Again Negotiated Discovery Limits and Schedules in Early 2026 Expressly Relating to the *Davis* Action

The Court denied Defendants' motion to dismiss on March 31, 2026, and Defendants answered on April 14, 2026. ECF Nos. 204, 219, 220. That same day, following the Parties' meet and confer, the Parties filed a Joint Status Report that again addressed Defendants' desire to expand the limit on Interrogatories due to purported *Davis*-specific issues. *See* ECF No. 221 at 6–7, 12.

At the Court's direction at the April status conference, ECF No. 229, the Parties turned to a new scheduling order. On May 6, 2026, the Parties met and conferred, and Defendants proposed a schedule that kept *Davis* on the same track as *Johnson*. On May 7 and 8, Defendants reversed

[2] In the August 18, 2025 report, Defendants stated that they did not concede that merits discovery was appropriate in *Davis* before their motion to dismiss was decided. ECF No. 34 at 5 n.1. The Court denied that motion on March 31, 2026, ECF No. 204, and Defendants served their first requests for admission in this action three days after they answered the *Davis* complaint. *See infra* § III.C.2.

course and demanded that *Davis* be delayed. On May 11, 2026, less than 30 days after Defendants answered, the Parties filed a Joint Proposed Scheduling Order in which both sides proposed case schedules to apply to *Davis*. ECF No. 235. In that submission, Defendants told the Court what they believe distinguishes *Davis*, including the need for third-party promoter data, depositions of non-UFC fighters, class certification and standing issues, and the *Le* settlement. *Id.* at 6–8. Defendants did not, however, raise any issue as to Rule 26(f) or provide Plaintiff with any disclosures of this purportedly necessary *Davis* discovery pursuant to Rule 26(a)(1). Plaintiff responded that *Davis* should stay on the *Johnson* schedule and "if anything, . . . be accelerated." *Id.* at 2. Then, at the July 2, 2026 hearing, counsel for both sides agreed to the same 90-day substantial completion deadline for *Davis* and *Johnson*. The Court set September 30, 2026 as the substantial completion deadline in both cases. ECF No. 298.

At the August 6, 2026 status conference, based on the April briefing, the Court directed the Parties to submit competing proposals on the number of interrogatories and how to count them. On August 13, 2026, Defendants proposed 50 interrogatories per side in *Johnson* and 40 per side in *Davis*. *Johnson* ECF No. 724.

Further, the Parties met and conferred on August 12, exchanged schedule proposals between August 18 and 20, and filed a Joint Proposed Scheduling Order on August 20, 2026. ECF No. 335. Both sides proposed identical *Johnson* and *Davis* discovery deadlines: substantial completion by September 30, 2026, and close of fact discovery by March 1, 2027. *Id.* Defendants again described what they believe makes *Davis* different, *id.* at 8–9, and identified the "only material disagreements" as the timing of sanctions and the staging of class certification and summary judgment in *Davis*. *Id.* at 5. Again, Defendants did not raise any issues as to Rule 26(f) or serve Rule 26(a)(1) disclosures identifying any purportedly different discovery required in *Davis*.

### C. Defendants Served Discovery in This Action and First Raised Rule 26(f) on October 28, 2026

Consistent with the timeline of the Parties' meet and confers on the Rule 26(f) topics, Defendants served Requests for Admission pursuant to Rule 36 on Plaintiff on April 17, 2026, and

Requests for Production pursuant to Rule 34 on June 10, 2026. Mot. at 6–7; Exs. 5–6. Plaintiff served objections and responses on May 18 and July 10, 2026, respectively, and the Parties met and conferred on those objections and responses on August 12, 2026. Mot. at 7. During that meet and confer, Defendants took the position that Plaintiff's objections were inappropriate and responses insufficient, even though, if the Rule 26(f) conference requirements had not been satisfied or addressed by the Court's discovery consolidation Order, Defendants were not permitted to serve Rule 36 requests, and Plaintiff would have no obligation to respond to any Rule 34 requests because they would not be deemed served pursuant to Rule 26(d)(2)(B). Of course, Defendants did not then raise this new, manufactured position that the Rule 26(f) conference had not happened; indeed, they were focused on trying to obtain discovery and doing so would have been directly contrary to the specious position now taken and would have subjected them to sanctions for their unpermitted discovery conduct.

The discovery Defendants pursued is telling. Their June 10, 2026 Requests for Production did not seek a single document about the merits of Plaintiff's claims. Rather, those requests were entirely directed to Plaintiff's mobile phones: carrier and subscriber information for every phone number associated with him; activity logs from every messaging application, communication platform, and social networking service he used; phone payment and billing records; and records of the creation, deletion, and deactivation of each account. Ex. 6, RFP Nos. 1–4. As Plaintiff told the Court at the time, those requests were part of Defendants' effort to manufacture a retaliatory spoliation motion. ECF No. 335 at 3. They were part of Defendants' effort to find spoliation somewhere—anywhere—to distract from their own serious and substantive spoliation, which has been the subject of a seven-day (to date) evidentiary hearing before this Court. *See, e.g.*, ECF No. 381. And having twice demanded a meet and confer, Mot. at 7, Defendants never followed up after the August 12 meet and confer and, having never moved to compel further responses to either set of requests, waived any right to do so (given Defendants' position stated on meet-and-confer calls that all motions to compel had to be filed by September 30, 2026).

Defendants also served more than 25 third-party subpoenas under the *Johnson* caption. Critically, those subpoenas define "Litigations" and "Plaintiffs" to include *Davis*. *Id.* at 7 & n.3.

But Defendants served those subpoenas only after Plaintiff twice pointed out to the Court that Defendants had done nothing to pursue the third-party discovery they claimed required delaying *Davis*—and only in the weeks before the September 30 substantial completion deadline. *Compare* ECF No. 235 at 3, 6–7, *and* ECF No. 335 at 3, 8–9, *with* Mot. at 7.

Defendants did not mention a missing Rule 26(f) conference in any of the three joint scheduling submissions or at any status conference. They raised it for the first time in an October 28, 2026 letter, four weeks after the substantial completion deadline had passed. Mot. at 7. Among other things, Defendants—having not served *Davis*-specific initial disclosures—faulted Plaintiff for not doing so and demanded them. Rather than continue to quibble with Defendants about whether they were in fact required, Plaintiff served *Davis*-specific Rule 26(a)(1) disclosures on November 5, 2026, *id.* at 8, and on November 10, 2026, served Amended Initial Disclosures also specific to *Davis*. Ex. 7; see *infra* § III.D. The only meaningful substantive difference between the *Johnson* initial disclosures and *Davis* initial disclosures is that the latter identify Mr. Davis and repeat that the *Davis* action only seeks injunctive relief and continues to explicitly disclaim economic damages.[3] Defendants have not served initial disclosures in *Davis.*

## III. ARGUMENT

### A. Plaintiff Satisfied Rule 26(f), and No Separate Conference Was Necessary

#### 1. The Parties Addressed the Rule 26(f) Topics During Multiple Rule 26(f) Conferences.

Defendants argue that a Rule 26(f) conference "is not a generic discussion of scheduling" and that the Parties' submissions "did not address the nature and basis of Plaintiff's distinct claims" or preservation. Mot. at 12. The record shows otherwise. Beginning approximately three weeks after this action was filed, the Parties exchanged a proposed discovery plan, written drafts, and

---

[3] Defendants' Motion makes much of a reference to economic damages in Plaintiff's November 5, 2026 initial disclosures. Plaintiff regrets that, due to a versioning error the wrong document was served on November 5. When the error was brought to the attention of counsel by Defendants' bombastic filing (*see* ECF No. 384), Plaintiff's counsel promptly corrected the error and served Amended Initial Disclosures on November 10, 2026 that acknowledged the error and made clear that—as counsel has said all along—the *Davis* action seeks only injunctive relief.

point-by-point meet-and-confer correspondence, and held a telephonic meet and confer on July 24, 2025, all directed to the subjects Rule 26(f) requires. *See supra* § II.A; Exs. 1–4. Rule 26(f)(2) requires the parties to consider "the nature and basis of their claims and defenses," to discuss preservation, and to "develop a proposed discovery plan," which must address the subjects listed in Rule 26(f)(3). Fed. R. Civ. P. 26(f)(2)–(3). The Parties did each of these things:

*Nature and basis of the claims and defenses.* Defendants set out, in two joint scheduling submissions, what they contend makes *Davis* different, including third-party promoter data, depositions of non-UFC fighters, class certification and standing, and the *Le* settlement. ECF No. 235 at 6–8; ECF No. 335 at 8–9. Defendants have not, however, put these matters in any Rule 26(a) disclosures. The Parties also fully briefed the nature and basis of Plaintiff's claims on Defendants' motion to dismiss. *See* ECF Nos. 25, 60, 204.

*Preservation and ESI.* The Parties agreed to extend the *Johnson* ESI Stipulation and Protective Order to *Davis*. ECF No. 34 at 2, 5 & Exs. A–B; ECF Nos. 43, 44. *See* Fed. R. Civ. P. 26(f)(3)(C)–(D).

*Discovery limits.* The Parties negotiated deposition and interrogatory limits that expressly cover *Davis*, ECF No. 34 at 6–7; Exs. 1–4, revisited the interrogatory limits after Defendants answered, ECF No. 221 at 6–7, 12, and later submitted competing *Davis*-specific interrogatory proposals at the Court's direction, *Johnson* ECF No. 724. *See* Fed. R. Civ. P. 26(f)(3)(E).

*Schedule and phasing.* The Parties submitted a discovery plan and proposed schedule in their August 2025 Joint Status Report, ECF No. 34 at 6–10, and three joint scheduling proposals covering *Davis*, ECF Nos. 65, 235, 335, and the Court set the substantial completion deadline for *Davis*, ECF No. 298. *See* Fed. R. Civ. P. 26(f)(3)(A)–(B).

These discussions were also timely. LR 26-1(a) requires the conference to be held "within 30 days after the first defendant answers or otherwise appears." Measured from Defendants' first appearance in this action when filing their Motion to Dismiss, *see* ECF No. 25 (August 6, 2025), Plaintiff had already sent Defendants a proposed discovery plan and schedule (on June 19, 2025), Defendants had already responded (on July 14, 2025), and the Parties had already had a telephonic meet and confer for these matters on July 24, 2025. Exs. 1–4. The Parties filed the resulting joint

status report just *twelve days after Defendants' first appearance*, on August 18, 2025. ECF Nos. 25, 34. Even measured from Defendants' April 14, 2026 answer, which Defendants themselves incorrectly use, Mot. at 11 n.5, the Parties still engaged in separate meet and confers on discovery limits and schedules, including the meet and confer leading to the April 14, 2026 Joint Status Report and that filing (the day of their Answer), the Parties' May 6, 2026 meet and confer, and their May 11, 2026 Joint Proposed Scheduling Order, all of which fell within the 30-day window. ECF Nos. 221, 235. In short, the Parties held the conferences Rule 26(f) requires; Defendants' argument is, at most, about labels and, at worst, yet another gambit to delay *Davis*.

**2. The Court "Ordered Otherwise."**

Even if the Parties' 2025 and 2026 meet and confers did not themselves constitute Rule 26(f) conferences simply because they did not use the magic words "Rule 26(f)," *see supra* § III.A.1, no separate conference was required. Rule 26(f)(1) requires the parties to confer "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise." Fed. R. Civ. P. 26(f)(1). The Court's orders here are that kind of order. The Court consolidated discovery across the three actions, directed joint status reports before every status conference, and directed joint scheduling submissions that covered *Davis*. ECF No. 13; *Johnson* ECF Nos. 244, 517. The discovery plan and schedule for *Davis* have therefore been set through the Parties' conferences, Court-directed joint submissions, and the Court's resulting orders. The Federal Rules expressly allow court orders and stipulations to replace the sequence keyed to the Rule 26(f) conference. *See* Fed. R. Civ. P. 26(a)(1)(C) (initial disclosure timing applies "unless a different time is set by stipulation or court order"); Fed. R. Civ. P. 26(d)(1) (discovery may proceed before the conference "when authorized . . . by stipulation, or by court order"). That happened here, and so, to the extent the Parties' many meet and confers and submissions on the matters Rule 26(f) directs parties to discuss are not a "Rule 26(f) conference," no such Rule 26(f) conference was required anyway.

**3. Plaintiff Participated in Good Faith, and Defendants Identify No Prejudice.**

The Rules penalize a party that "fails to participate in good faith in developing and

submitting a proposed discovery plan as required by Rule 26(f)." Fed. R. Civ. P. 37(f). Plaintiff has done the opposite. He has actively participated in every joint submission and status conference in which the *Davis* discovery plan was negotiated, vigorously advocating the interests of the *Davis* action. Defendants do not identify any topic they wanted to raise at a Rule 26(f) conference that they could not raise, or did not raise, in those conferences. Their asserted prejudice concerns the content of Plaintiff's initial disclosures and third-party discovery. Mot. at 17–18. A further conference would not change either. Moreover, Defendants had Plaintiff's initial disclosures in hand before filing this Motion. While they take issue with those disclosures, the appropriate course would have been to meet and confer so that Plaintiff could serve amended initial disclosures (as Plaintiff did shortly after Defendants filed their Motion).[4] *See infra* § III.D. Thus, there is nothing left for Defendants to complain about, yet Defendants have not complied with their own disclosure obligation or shown cause why.[5]

---

[4] Defendants again mischaracterize Plaintiff's claim, asserting that "[t]he witnesses, contracts, negotiations, and compensation data on which that derivative, umbrella, theory depends are in the hands of Plaintiff and third parties—not Defendants." Mot. at 2; *see also id.* at 4 ("Discovery in *Davis* therefore centers on a fighter population and, for example, contracts, negotiations, and earnings that *Johnson* does not reach."). Defendants misunderstand: *Davis*, like *Johnson*, is not focused on fighters' dealings with third-party MMA promoters, but rather how the UFC's dealings with UFC fighters cause anticompetitive effects by depriving third-party MMA promoters of access to a critical mass necessary for those promoters to compete with the UFC and offer professional MMA fighters a viable alternative for their careers. Plaintiff Davis, like the *Johnson* Plaintiffs, is not complaining that his contract injured him, nor that his negotiations with a third-party promoter caused him injury, nor that the contracts of any non-UFC fighters injured him, nor does he seek to represent a class of non-UFC fighters claiming such injuries stemming from their own contracts or negotiations with third-party promoters or from third-party promoters with other MMA fighters. Both allege injury stemming from the UFC's monopsony obtained and maintained through exclusive dealing. Thus, both cases focus on the UFC's exclusive dealing and anticompetitive effects on other MMA promoters, and both cases focus on the market broadly and the availability of appropriately ranked fighters inside and outside the UFC as well as the effects on the corresponding compensation available to them. To the extent Defendants believe that discovery other than what is at issue in *Johnson* is critical, it was incumbent upon them to obtain it, and notably, disclose what it is they are pursuing in Rule 26(a)(1) disclosures but have failed to do having never served *Davis* specific initial disclosures. Plaintiff has been clear about what Plaintiff believes is appropriate discovery and has pursued it and not concealed it from Defendants—indeed it is the same discovery from *Johnson* as reflected in Plaintiff's Rule 26(a)(1) disclosures.

[5] *Freshwadda v. Boutos*, 2025 WL 3539241 (D. Nev. Dec. 9, 2025), on which Defendants rely, is not to the contrary: there, the plaintiff had "yet to comply with Local Rule 26-1(a)." *Id.* at *3. Here,

**B. Discovery in *Davis* Is Coordinated with *Johnson* by Court Order**

The coordinated structure of discovery confirms that no separate Rule 26(f) conference was even needed, though the Parties had one. Discovery in this action has been consolidated with *Johnson* since the outset. The Court consolidated discovery across *Johnson*, *Cirkunovs*, and *Davis* within a week after Plaintiff filed suit. ECF No. 13. The Parties agreed that discovery in each action would be treated as produced in the others. ECF No. 34 at 5. The *Johnson* Protective Order and ESI Stipulation were extended to *Davis*. *Id.* at 2, 5. The Parties have filed joint status reports in all three actions before each status conference, as the Court directed, ECF No. 13, and the Court instructed the Parties to keep propounding discovery across the actions. ECF No. 138 at 76. The *Johnson* Rule 26(f) conference, which Defendants concede occurred, Mot. at 11, established the discovery framework that the Parties and the Court then extended across the coordinated actions through the Parties' 2025 meet and confers and joint submissions. *See supra* § II.A. The Parties expanded its limits specifically "to accommodate the *Cirkunovs* and *Davis* Actions." ECF No. 34 at 6.

Defendants stress that discovery is consolidated only "to the extent that such discovery overlaps." Mot. at 3, 14 (quoting ECF No. 13). That language defines the *scope* of consolidated discovery. It does not require the Parties to convene a second, stand-alone Rule 26(f) conference before any discovery can proceed in a coordinated action. Nor does it leave non-overlapping discovery unregulated. That discovery is governed by the limits and schedule the Parties negotiated and the Court set, which account for *Davis* specifically. *See* ECF No. 34 at 6–7 (deposition and interrogatory limits "across all three cases"); *Johnson* ECF No. 724 (Defendants' proposal of 40 interrogatories per side in *Davis*); ECF No. 298 (substantial completion deadline in *Davis*). Defendants have told the Court that "since at least May 2026" *Davis* requires third-party discovery that cannot be "borrowed from the *Johnson* or *Le* records." Mot. at 14 (quoting *Johnson* ECF No. 535 at 7). The Court had that argument before it and still set a single substantial completion

---

the Parties have been litigating discovery in a coordinated program, under Court supervision, for seventeen months, complied with the local rule, and otherwise been exempted from it through the Court's Orders.

deadline for both cases. ECF No. 298. Further, Defendants did not put that assertion in any Rule 26(a) disclosures—having served none in *Davis*, while serving amended disclosures in *Johnson* on September 11, 2026. Plaintiff, by contrast, is not seeking distinct discovery from that generated in *Johnson*.

Requiring a separate conference now would accomplish nothing. The same law firms represent Plaintiff and the *Johnson* plaintiffs, and the same counsel represent Defendants in both actions. Mot. at 11. For more than a year, those counsel have negotiated discovery across the coordinated actions in meet and confers, joint submissions, and hearings. The Federal Rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Ordering the Parties to repeat, under a different label, a process they have already completed would serve none of those ends.

### C. The Parties Have Proceeded with Discovery in *Davis*, as Their Scheduling Submissions Confirm

#### 1. The Joint Scheduling Submissions.

Each of the Parties' joint scheduling submissions assumed that discovery in *Davis* was open. In September 2025, the Parties agreed on a single schedule for all three actions and jointly requested an extension of fact discovery "in all three pending cases" because of "the issues associated with coordinating the *Cirkunovs* and *Davis* cases." ECF No. 65 at 1, 4 n.1. In May 2026, both sides proposed *case schedules to apply to Davis*. ECF No. 235. In July 2026, counsel for both sides agreed to the same substantial completion deadline for *Davis* and *Johnson*, and the Court set September 30, 2026 for both cases. ECF No. 298. In August 2026, both sides proposed identical *Johnson* and *Davis* deadlines for substantial completion and the close of fact discovery. ECF No. 335. A party does not jointly propose, and a court does not set, a substantial completion deadline in a case where discovery has not begun. Indeed, Defendants' own Motion invokes that deadline against Plaintiff. Mot. at 6, 13. Defendants cannot hold Plaintiff to a substantial completion deadline in a case in which, by their telling, discovery never opened.

#### 2. Defendants' Own Discovery.

Defendants' conduct confirms the same point. Under Rule 26(d)(1), "[a] party may not

seek discovery from any source before the parties have conferred as required by Rule 26(f)," except "when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Because Defendants contend that a Rule 26(f) conference did not occur in *Davis*, according to their argument, discovery is not open in *Davis*. Accordingly, Rule 26(d)(1) bars the service of requests for admission and production, and Rule 26(d)(2)(B) provides that requests for production are not deemed served until after the Rule 26(f) conference. *See* Fed. R. Civ. P. 26(g)(1)(B), (g)(3). Yet Defendants served Requests for Admission on Mr. Davis on April 17, 2026. Defendants cannot now claim that the Rule 26(f) conference did not occur or was not dispensed with by the Court's consolidation order *and* claim to have properly served their Requests for Admission. Defendants also served Requests for Production on June 10, 2026. Mot. at 6–7. Plaintiff served objections and responses, and on August 12, 2026, Defendants met and conferred to challenge them. *Id.* at 7. Defendants served more than 25 third-party subpoenas that define "Litigations" and "Plaintiffs" to include *Davis*. *Id.* at 7 n.3. They proposed *Davis*-specific interrogatory limits. *Johnson* ECF No. 724. And on November 12, 2026, during the pendency of this Motion, Defendants served a Second Set of 101 Requests for Production on Plaintiff. Ex. 8.

If Defendants' contention regarding the Rule 26(f) conference in *Davis* were correct, then Defendants concede that they knowingly violated the Federal Rules by serving their discovery, particularly the Requests for Admission. Likely aware that their argument exposes them to sanctions or an order to show cause, Defendants *also* argue that "discovery remains open" somehow. Mot. at 14.

Defendants cannot have it both ways. Either the Parties' conferences satisfied Rule 26(f), or the Court's orders and the Parties' stipulations authorized discovery in *Davis* and replaced the need for a separate Rule 26(f) conference. Defendants cannot rely on open discovery to serve their own requests while claiming that the very step that opens discovery never happened and discovery is therefore not open.

**3. Defendants' Belated Objection Is an Effort to Relitigate the Schedule.**

Tellingly, Defendants never raised a missing Rule 26(f) conference in three joint scheduling submissions or at any of the many in-person status conferences since June 2025. Silent

in court during numerous hearings at which discovery and the schedule in *Davis* were discussed, counsel for Defendants were silent on a subject that forms the very basis of their Motion. Instead, Defendants first raised these issues in an October 28, 2026 letter—five days after the October 23, 2026 hearing before this Court—and four weeks after the substantial completion deadline. Mot. at 7. It makes no sense that Defendants negotiated, and stood before the Court while it set a September 30, 2026 substantial completion deadline for *Davis*, all the while believing that discovery in *Davis* had not yet opened.

The timing matters. When the Parties briefed the *Davis* schedule, Defendants argued that *Davis* needed its own track because they had to pursue substantial third-party discovery. ECF Nos. 235, 335. Plaintiff responded that *Davis* did not need a separate track and pointed out that Defendants had not yet sought the third-party discovery they said they needed. ECF No. 235 at 3; ECF No. 335 at 3. Defendants then served those subpoenas. Mot. at 7. If Defendants believed that discovery in *Davis* had not yet opened, that was the time to say so. They did not, and instead they proceeded as if discovery was open.

Instead, the last item of relief in the Motion asks that *Davis* "proceed on a schedule that trails *Johnson*." Mot. at 19. That is the same position Defendants argued, unsuccessfully, in May and August 2026. ECF Nos. 235, 335. The Motion is just Defendants' latest attempt to delay *Davis*. That delay would prejudice Plaintiff and the proposed class, who seek injunctive relief only from Defendants' ongoing conduct. Defendants articulate no credible basis to delay *Davis*. The Court should decline the request.

**D. Plaintiff's Amended Initial Disclosures Address Defendants' Remaining Concerns**

Much of the Motion criticizes Plaintiff's November 5, 2026 disclosures. Mot. at 1–2, 8–9, 15–17. Those criticisms are now moot. On November 10, 2026, Plaintiff served Amended Initial Disclosures that are expressly specific to *Davis*. Ex. 7. They identify Plaintiff himself as a witness on his Bellator and PFL contracts, negotiations, bout offers, compensation, rankings, and matchmaking (subjects and sources that could not have reasonably been unknown to Defendants). They identify Hunter Campbell on co-promotion, and they identify additional witnesses from non-

UFC promoters, including LFA, Titan, Invicta, Combate, and ONE. *Id.* The Amended Initial Disclosures also withdraw the damages statement that was inadvertently included in the November 5 disclosures, and they confirm that Plaintiff seeks injunctive relief only. *Id.*

To the extent Defendants believe the Amended Initial Disclosures or Plaintiff's discovery responses are somehow deficient, the Rules provide the path: a meet and confer and, if necessary, a motion to compel under Rule 37(a). *See* Fed. R. Civ. P. 37(a)(1); LR 26-6(c). Defendants have not requested a meet and confer regarding Plaintiff's Amended Initial Disclosures. An order to show cause is not a substitute for that process and, regardless, is also moot as to Defendants' requested relief regarding the service of initial disclosures. Regardless, Defendants are also poorly positioned to complain about initial disclosures: they have yet to serve their own Rule 26(a)(1) disclosures in this action.

### E. Defendants' Own Conduct Establishes That the Rule 26(f) Requirements Were Satisfied, and the Motion Asks the Court to Excuse Defendants' Own Violation

#### 1. Defendants' Motion Rests on a Contradiction.

Defendants' Motion rests on the premise that no Rule 26(f) conference has occurred in *Davis*. Mot. at 11–14. Defendants' own conduct says otherwise. Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Yet Defendants served thirty-seven Requests for Admission on Plaintiff on April 17, 2026, Ex. 5; four Requests for Production on June 10, 2026, Ex. 6; and 101 more Requests for Production on November 12, 2026, while this Motion was pending, Ex. 8 (which directly violates the substantial completion deadline to which Defendants agreed). Defendants maintain that each set was "served." Mot. at 6–7; Ex. 8 at 32 (certificate of service).

Defendants did not merely serve these requests. They "twice requested a meet and confer" over Plaintiff's objections and responses to the earlier Requests, Mot. at 7, and at the August 12, 2026 meet and confer took the position that Plaintiff's objections were improper and his responses insufficient. *See supra* § II.C. Their Motion faults Plaintiff because he "still has produced nothing" in response to those earlier requests. Mot. at 7. A party that believes discovery has not opened does

not serve discovery, demand responses, challenge objections, and then complain to the Court that the responses are inadequate. Defendants did all of these things because they understood, correctly, that the Rule 26(f) requirements had been satisfied and that discovery in *Davis* was open.

As noted, the Federal Rules leave no room for Defendants' position. Rule 36 contains no early-delivery provision, so requests for admission served before the conference are barred outright by Rule 26(d)(1). A Rule 34 request delivered before the Rule 26(f) conference "is considered to have been served at the first Rule 26(f) conference," Fed. R. Civ. P. 26(d)(2)(B), and the response is due "within 30 days after the parties' first Rule 26(f) conference," Fed. R. Civ. P. 34(b)(2)(A). Thus, if Defendants were right that no Rule 26(f) conference has occurred, their Requests for Admission were improper when served, their Requests for Production have not yet been "served," no response to any of them is due, and Defendants had no basis to demand a meet and confer over Plaintiff's responses, let alone to criticize them in their Motion. Defendants have never taken that position. To the contrary, they insist that their requests were served and that Plaintiff's responses are deficient. Mot. at 6–7, 13–14. That position holds only if the Rule 26(f) requirements were satisfied, or dispensed with by the Court's orders, before April 17, 2026. They were. *See supra* §§ III.A–B.

**2. Defendants Ask the Court to Excuse Their Own Violation So That They Can Seek Relief for Plaintiff's Supposed One.**

Taken at its word, the Motion asks the Court to do something extraordinary. On Defendants' own theory, they violated Rule 26(d)(1) repeatedly: by serving thirty-seven requests for admission and two sets of requests for production on Plaintiff, by demanding responses to them, and by continuing to serve discovery after filing this Motion. Defendants ask the Court to overlook that conduct, to pretend it never happened, and then to grant them relief because there was no Rule 26(f) conference. The Court should decline. A party cannot invoke a procedural requirement against its adversary while relying on that requirement's satisfaction to justify its own conduct.

Nor can Defendants take refuge in the fact that Plaintiff responded to their requests. Plaintiff responded because, as he has maintained throughout, the Parties satisfied Rule 26(f) and

the Court's orders authorized discovery in *Davis* to proceed, nor would that excuse the *service* of requests for admission in violation of Rule 36. *See supra* §§ III.A–C. Plaintiff's responses and conduct are consistent with his position. Defendants' Motion is inconsistent with their conduct. Defendants' conduct, not the litigating position they belatedly adopted on October 28, 2026, shows what they understood: that the Rule 26(f) requirements had been satisfied and discovery in *Davis* was open. Either way, the Motion fails. If the Rule 26(f) requirements were satisfied, as Defendants' conduct confirms, the Motion has no basis. If they were not, Defendants are the ones who violated the Federal Rules, and they cannot obtain relief premised on a defect they themselves disregarded for seven months. Regardless, there is no prejudice to Defendants even if the Rule 26(f) requirements were not satisfied because Plaintiff seeks no discovery other than what Plaintiff has sought through the coordinated discovery in this litigation and thus, Defendants have not been deprived of any information that they would have had through the Rule 26(f) process. Further, because Defendants claim that other information is relevant and important—information they have never articulated in Rule 26(a) disclosures in connection with the *Davis* case, despite alluding to necessary discovery when trying to unreasonably delay the *Davis* schedule beyond *Johnson*, should any Party be required to show cause, it is Defendants who stand in violation of their obligation to serve Rule 26(a) disclosures and who improperly served discovery and litigated the responses without a predicate Rule 26(f) conference.

If the Court finds that Defendants are correct (which Plaintiffs do not believe is appropriate) that no required Rule 26(f) conference has taken place, Plaintiff leaves it to the Court to determine how to address Defendants' conduct.

## IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion for an Order to Show Cause in its entirety, including Defendants' request that *Davis* proceed on a schedule that trails *Johnson*.

Dated: November 20, 2026

Respectfully submitted,

By: /s/ Joseph R. Saveri
Joseph R. Saveri (*Pro hac vice*)
Christopher Young (*Pro hac vice*)
Kevin E. Rayhill (*Pro hac vice*)
Itak Moradi (*Pro hac vice*)
SAVERI LAW FIRM, LLP
550 California St., Suite 910
San Francisco, CA 94104
Telephone: +1 (415) 500-6800
Email: jsaveri@saverilawfirm.com
Email: krayhill@saverilawfirm.com
Email: cyoung@saverilawfirm.com
Email: imoradi@saverilawfirm.com

W. Joseph Bruckner (*Pro hac vice*)
Brian D. Clark (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Ave S, Suite 2200
Minneapolis, MN 55401
Telephone: +1 (612) 596-4001
Email: wjbruckner@locklaw.com
Email: bdclark@locklaw.com

Kyle Pozan (*Pro hac vice*)
Consuela M. Abotsi-Kowu (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
1165 N. Clark St., Suite 700
Chicago, IL 60610
Telephone: +1 (312) 205-8968
Email: kjpozan@locklaw.com
Email: cmabotsi-kowu@locklaw.com

*Additional Counsel for Plaintiffs and the Proposed Class*

By: /s/ Michael Dell'Angelo
Eric L. Cramer (*Pro hac vice*)
Michael Dell'Angelo (*Pro hac vice*)
Patrick F. Madden (*Pro hac vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: ecramer@bergermontague.com
Email: mdellangelo@bergermontague.com
Email: pmadden@bergermontague.com

Joshua P. Davis (*Pro hac vice*)
Robert Maysey (*Pro hac vice*)
BERGER MONTAGUE PC
550 California Street, Suite 910
San Francisco, CA 94104
Telephone: +1 (415) 906-0684
Email: jdavis@bergermontague.com
Email: rmaysey@bergermontague.com

*Counsel for Plaintiffs and the Proposed Class*

Richard A. Koffman (*Pro hac vice*)
Benjamin D. Brown (*Pro hac vice*)
Daniel H. Silverman (*Pro hac vice*)
Daniel Gifford (*Pro hac vice*)
COHEN MILSTEIN SELLERS
& TOLL LLP
1100 New York Ave., N.W.
Suite 500, East Tower
Washington, DC 20005
Telephone: +1 (202) 408-4600
Email: rkoffman@cohenmilstein.com
Email: bbrown@cohenmilstein.com
Email: dsilverman@cohenmilstein.com
Email: dgifford@cohenmilstein.com

*Additional Counsel for Plaintiffs and the Proposed Class*

Michael J. Gayan
CLAGGETT & SYKES
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107
(702) 323-7777
mike@claggettlaw.com

*Liaison Counsel for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2026, I caused the foregoing Plaintiff Phil Davis's Opposition to Zuffa, LLC and TKO Group Holdings, Inc.'s Motion for an Order to Show Cause to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Joseph R. Saveri*
Joseph R. Saveri