# EXHIBIT 2

# RE: Johnson/Cirkunovs/Davis

**From:** Benjamin Cabranes <BCabranes@dirllp.com>
**Sent:** Monday, July 14, 2025 4:47 PM
**To:** "Eric L. Cramer" <ecramer@bergermontague.com>; Chris Yates <chris.yates@lw.com>; William Isaacson <WIsaacson@dirllp.com>
**Cc:** Aaron Chiu <aaron.chiu@lw.com>; Jessica Phillips <JPhillips@dirllp.com>; Michael Dell'Angelo <mdellangelo@bergermontague.com>; "Patrick F. Madden" <pmadden@bergermontague.com>
**Subject:** RE: Johnson/Cirkunovs/Davis
**Attachments:** Johnson Cirkunovs Davis- Joint Status Report Coordination - DEFs' redline.docx

---

Eric – please see attached for Defendants' edits and comments on Plaintiffs' consolidation proposals.
Thanks,
Ben
**Ben Cabranes | Associate**
Dunn Isaacson Rhee LLP
bcabranes@dirllp.com
202-240-2914 (direct)
203-687-7099 (cell)

---

**From:** Eric L. Cramer
**Sent:** Sunday, July 13, 2025 1:12 PM
**To:** Chris Yates ; William Isaacson
**Cc:** Aaron Chiu ; Benjamin Cabranes ; Jessica Phillips ; Michael Dell'Angelo ; Patrick F. Madden
**Subject:** FW: Johnson/Cirkunovs/Davis
Folks, it's been almost a month since we sent these materials. Can we have your response? If not, we will simply file the proposal as a motion.
--Eric

**Eric L. Cramer/***Chairman*
215.875.3009 215.327.9583

BERGER MONTAGUE

1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103

---

**From:** Eric L. Cramer
**Sent:** Thursday, June 19, 2025 2:50 PM
**To:** William Isaacson <wisaacson@dirllp.com>; Chris Yates <chris.yates@lw.com>
**Subject:** Johnson/Cirkunovs/Davis
Bill and Chris:
Please find attached a draft joint status report for the three pending cases, which proposes a schedule and coordination procedures. Attached as well are a proposed ESI stip and protective order that would apply to all three cases.
Please let us know when you will be available to meet and confer about these proposals.
--Eric
-***External sender. Please use caution when clicking on any attachments or links*** -

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br><br>PLAINTIFFS,<br>v.<br><br>ZUFFA, LLC, TKO OPERATING COMPANY, LLC f/k/a ZUFFA PARENT LLC (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>DEFENDANTS. | No.: 2:21-cv-01189-RFB<br><br>**JOINT STATUS REPORT** |
| Mikhail Cirkunovs, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Zuffa LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC) and Endeavor Group Holdings, Inc.,<br><br>Defendants. | No.: 2:25-cv-914-RFB |
| Phil Davis, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Zuffa LLC, TKO Group Holdings, Inc. (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.,<br><br>Defendants. | No.: 2:25-cv-00946-RFB |

.

Pursuant to the Parties' and the Court's discussion at the June 3, 2025 Status Conference, Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly (the "*Johnson* Plaintiffs"), Plaintiff Mikhail Cirkunovs (the "*Cirkunovs* Plaintiff"), Plaintiff Phil Davis (the "*Davis* Plaintiff"; together with the *Johnson* Plaintiffs and *Cirkunovs* Plaintiff, "Plaintiffs"), and Defendants Zuffa, LLC, TKO Operating Company, LLC, TKO Group Holdings, Inc., and Endeavor Group Holdings, Inc. ("Defendants," and collectively with Plaintiffs, the "Parties"), jointly submit this Status Report.

**I. Outstanding Motions and Proposed Stipulations**

~~There are no outstanding motions or proposed stipulations.~~ Currently pending before the Court is the Parties' Joint Stipulation Regarding Schedule For Defendants' Response To Plaintiff's Complaint, filed on July 7, 2025. *Davis v. Zuffa*, LLC et al., 2:25-cv-00946 (Dkt. 22.) ~~Herein, however,~~ T~~t~~he Parties further propose the attached Amended Protective Order (attached as Exhibit A), and~~;~~ an Amended ESI Stipulation (attached as Exhibit B) to make the respective orders currently in place in the *Johnson* Action applicable to the *Cirkunovs* and *Davis* Actions.

**II. Coordination Among the Three Actions**

Presently before the Court are three proposed class action cases: *Johnson v. Zuffa, LLC*, No. 2:21-cv-1189 (D. Nev.) (the "*Johnson* Action"); *Cirkunovs v. Zuffa LLC*, No. 2:25-cv-00914 (D. Nev.) (the "*Cirkunovs* Action"); *Davis v. Zuffa LLC*, No. 2:25-cv-00946 (D. Nev.) (the "*Davis* Action"). Each of the *Johnson* Plaintiffs, the *Cirkunovs* Plaintiff, and the *Davis* Plaintiff filed a Notice in the respective actions notifying the Court of the relatedness of these actions. *See Johnson*, ECF No. 198; *Cirkunovs*, ECF No. 2; *Davis*, ECF No. 4. Each of the three actions has been assigned to this Court.

Following the filing of the *Cirkunovs* Action and the *Davis* Action, on June 3, 2025, the Court held a hearing in the *Johnson* Action. On June 5, 2025, the Court ordered that "discovery between *Johnson et al v. Zuffa, LLC dba Ultimate Fighting Championship et al*, 2:21-cv-01189; *Cirkunovs v. Zuffa LLC et al*, 2: 25-cv-00914[;] and *Davis v. Zuffa, LLC et al*, 2:25-cv-00946, shall be consolidated to the extent that such discovery overlaps." *Johnson*, ECF No. 202.

The Court previously ordered in the *Johnson* Action that "discovery taken in *Le v. Zuffa*, 2:15-cv-01045, may be considered as also produced in *Johnson v. Zuffa*, 2:21-cv-01189." *Johnson*, ECF No. 166 (Oct. 22, 2024). The Court also ordered that "the Protective Orders in *Le v. Zuffa*, 2:15-cv-01045, and *Johnson v. Zuffa*, 2:21-cv-01189, are AMENDED so as to permit this sharing of discovery without breaching the confidentiality requirements otherwise set forth in those orders." *Id.* (Oct. 22, 2024).

To accomplish the efficient coordination of discovery across the *Johnson*, *Cirkunovs*, and *Davis* Actions, the Parties have met and conferred and agree that any discovery from the *Johnson* Action (including the *Le* discovery) should be considered as also produced or taken in the *Cirkunovs* Action and *Davis* Action, and *vice versa*.[1]

The Parties further propose, consistent with efficient coordination of discovery, that the following be entered in each of the three Actions: an Amended Protective Order (attached as Exhibit A), and; an Amended ESI Stipulation (attached as Exhibit B). These proposed amended orders would make the respective orders currently in place in the *Johnson* Action applicable to the *Cirkunovs* and *Davis* Actions. The Parties are also negotiating an Expert Stipulation applicable to all three actions and will submit that to the Court ~~shortly~~, as well.

## III. Discovery Plan

The Parties previously submitted a Discovery Plan in the *Johnson* Action. *See Johnson*, ECF No. 82. The Parties have met and conferred and believe that the limits previously agreed to should be expanded to accommodate the *Cirkunovs* and *Davis* Actions.

### A. Depositions

The Parties agree that across all three cases, each side shall be allotted no more than 55 depositions (increased from 50 per side that had been agreed to for the *Johnson* Action), including no more than 15 depositions per Defendant (i.e., Plaintiffs may take up to fifteen depositions of each Defendant's employees (including current and former employees)). ~~These limits do not~~

[1] By entering into this stipulation, Defendants do not concede that any discovery taken prior to the July 1, 2017 time-period is relevant to the current market and competitive conditions in any relevant market(s) alleged in any of the three pending actions and reserve the right to contest the relevance or admissibility of discovery taken in one action(s) in the other pending action(s).

include depositions of witnesses designated pursuant to Fed. R. Civ. P. 30(b)(6). Furthermore, as was the case in *Le*, Plaintiffs anticipate that Plaintiffs will need more than seven hours to depose certain deponents, and such extended depositions will only count as one deposition against these limitsthe Parties agree to meet and confer regarding the effect of any extended depositions on the total deposition limits afforded each Party.[2]

TO PLAINTIFFS: This exception was not included in the prior *Johnson* discovery plan submitted by the parties, and we see no justifiable basis for adding it now.
Benjamin Cabranes
07/14/2025 16:20

**B. Interrogatories**

The Parties propose that each side across the three actions may collectively serve no more than 37 interrogatories on the other side.[3] Thus, for example, Defendants may serve 5 interrogatories that require a separate response from each of the five Plaintiffs across the three actions and 12 interrogatories that require a joint response from Plaintiffs across the three actions. Similarly, Plaintiffs may serve 5 interrogatories to Defendant Endeavor, 10 interrogatories that require an individual response from Defendant Zuffa, 10 interrogatories that require an individual response from Defendant TKO, and 12 interrogatories that require a joint response from all Defendants.

**Proposed Schedule**

The Parties have met and conferred and propose the following revised schedule for the Actions.

| Case Event | Date |
|---|---|
| *Johnson* Plaintiffs to serve any additional discovery | June 27, 2025 |

[2] As before, Tthe Parties' proposal as to the number of depositions excludes expert depositions. As to expert depositions, the Parties continue to propose a limit of ten (10) hours of deposition time per expert that submits a report in *Johnson*, *Cirkunovs*, and/or *Davis* to the extent such expert also submitted a report in *Le* and was deposed in *Le*. For any expert from whom a Party submits a report in *Johnson, Cirkunovs,* and/or *Davis* on a significant economic issue, and that expert did not submit a report in *Le*, the opposing Party shall have fourteen (14) hours to depose such expert. To the extent a Party submits an expert report not contemplated by the schedule entered in this case, and such expert report is allowed by the Court, the opposing party shall have an opportunity to take anseek the Court's approval for an additional 7 hours of deposition time concerning the unscheduled report in the event that the Court allows such a report.

[3] The Parties previously agreed (*Johnson*, ECF No. 80), and the Court ordered (*Johnson*, ECF No. 82), that with reference to the *Johnson* Action only, each side may collectively serve no more than 27 interrogatories on the other side. This proposal extends that limit by 10 interrogatories per side.

| | |
|---|---|
| requests relating to enforceability of arbitration and class waiver clauses in UFC fighter contracts | |
| *Johnson* Pparties Zuffa and TKO substantially complete production of documents responsive to any document requests served on or before April 13, 2025 | July 17, 2025[4] |
| Defendants to serve answers to or otherwise respond to *Cirkunovs* and *Davis* Complaints | August 6, 2025 |
| *Johnson* Party Endeavor to substantially complete production of documents responsive to Plaintiffs' RFPs to Endeavor Nos. 1-17, Nos. 20-21, Nos. 24-27, Nos. 30-32, Nos. 35-41, Nos. 43-78, and Nos. 81-94. | September 19, 2025 |
| Defendants in *Johnson* to certify substantial completion of document productions responsive to any additional discovery requests relating to enforceability of arbitration and class waiver clauses in UFC fighter contracts served by June 27, 2025 | August 15, 2025 |
| *Johnson* Parties to submit a joint status report. | September 19, 2025 |
| *Cirkunovs* and/or *Davis* plaintiffs to file oppositions to any motions to dismiss | September 185, 2025 |
| Defendants to file reply(ies) in support of any motion(s) to dismiss in *Cirkunovs* and *Davis* | September 19 October 9, 2025 |
| Status Conference in *Johnson, Cirkunovs*, and *Davis* | October 16, 2025 |
| Parties in *Johnson* and *Cirkunovs* to complete any depositions relating to enforceability of arbitration and class waiver clauses in UFC fighter contracts | January 13, 2026 |
| Defendants to file any motion(s) to compel arbitration in *Cirkunovs* Action | On or before January 30, 2026 |
| Plaintiffs' opposition to any motion to compel arbitration in *Cirkunovs* Action | March 2, 2026 28 days following the filing of the relevant motion(s) to compel arbitration |
| Defendants' reply in support of motion to compel arbitration in *Cirkunovs* Action | March 16, 2026 21 days following the filing of the relevant motion(s) to compel arbitration |
| Close of Fact Discovery, including all non-expert depositions as to all parties in *Johnson* and *Cirkunovs* Actions | August May 15, 2026[5] |
| Close of Fact Discovery, including all non-expert | Juyne September 15, 2026 |

TO PLAINTIFFS: This deadline specifically applied only to Zuffa and TKO. Endeavor's discovery responses for certain RFPs to which the Court has ordered Endeavor to respond was set by the Court as August 28, 2025. *See* ECF No. 202.
Benjamin Cabranes
07/14/2025 16:21

TO PLAINTIFFS: Given that Endeavor's discovery negotiations began later and was delayed pending resolution of Plaintiffs' Motion to Compel, we believe all parties would benefit by adjusting Endeavor's substantial completion deadline.
Benjamin Cabranes
07/14/2025 16:22

TO PLAINTIFFS: The Court previously ordered this Conference for all three actions to occur on August 28, 2025. Given the now-entered *Davis* briefing schedule, we believe it would be best to hold the status conference once the *Davis* responsive pleading has been fully briefed for the Court's consideration.
Benjamin Cabranes
07/14/2025 16:23

TO PLAINTIFFS: Defendants do not agree to postpone the filing of any motion to compel arbitration, which Defendants have the right to file at any time.
Benjamin Cabranes
06/20/2025 18:04

[4] This deadline was set by the Court in *Johnson*. *See* ECF No. 189.

[5] The prior scheduling order in *Johnson*, ECF No. 189, set January 16, 2026 as the close of fact discovery. Given the issues associated with coordinating the *Cirkunovs* and *Davis* cases, the Parties request an extension of that deadline and the future deadlines keyed from it.

| | |
|---|---|
| depositions as to all parties in *Davis* Action | |
| Plaintiffs' opening expert reports on class and merits in *Johnson*, *Cirkunovs*, and *Davis* Actions | ~~July~~ September 16, 2026 |
| Opposition expert reports on class and merits in *Johnson*, *Cirkunovs* , and *Davis* Actions | ~~October~~ December 15, 2026 |
| Plaintiffs' rebuttal expert reports on class and merits in *Johnson*, *Cirkunovs*, and *Davis* Actions | ~~November~~ February 23, 2027~~6~~ |
| Last day to depose each opposing parties' experts in all Actions | ~~December~~ April 11, 2027~~6~~ |
| Plaintiffs' Class Certification Motions in all Actions and any *Daubert* Motions of all parties in all Actions | ~~January 29~~June 1, 2027 |
| Defendants' Responses to Class Certification Motions and Responses to any *Daubert* Motions in all Actions | ~~March 30~~August 1, 2027 |
| Replies re: any *Daubert* Motions in all Actions | ~~April 26~~September 26, 2027 |
| Replies re: Class Certification Motions in all Actions | ~~May 3~~September 3, 2027 |
| Any Motions for Summary Judgment in all Actions | 60 days after the later of (a) the Court's order on class certification, (b) if a party takes an appeal under Fed. R. Civ. P. 23(f), 45 days after an order resolving the petition to appeal or appeal (if the petition is granted and an appeal is allowed) |
| Responses to any Motions for Summary Judgment in All Actions | 60 days following the filing of the relevant Motion for Summary Judgment |
| Replies re: any Motions for Summary Judgment in All Actions | 90 days following the filing of the relevant Motion for Summary Judgment |
| Joint Pretrial Order in All Actions | 30 days following the Courts' resolution of all Motions for Summary Judgment |

Respectfully Submitted,

Dated: [DATE], 2025

By: ________________________
Eric L. Cramer (*Pro hac vice*)
Michael Dell'Angelo (*Pro hac vice*)
Patrick F. Madden (*Pro hac vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: ecramer@bm.net

By:____________________________
CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 395-8095

Email: mdellangelo@bm.net
Email: pmadden@bm.net

Joshua P. Davis (*Pro Hac Vice*)
Kyla Gibboney (*Pro Hac Vice)*
Robert C. Maysey (*Pro Hac Vice*)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Phone: (415) 215-0962
jdavis@bm.net
kgibboney@bm.net
rmaysey@bm.net

*Counsel for Plaintiffs and the Proposed Classes*

Benjamin D. Brown (*Pro Hac Vice*)
Richard A. Koffman (*Pro Hac Vice*)
Daniel H. Silverman (*Pro Hac Vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500
Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

Joseph R. Saveri (*Pro hac vice*)
Christopher Young (*Pro hac vice*)
Kevin E. Rayhill (*Pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
601 California St., Suite 1000
San Francisco, CA 94108
Telephone: +1 (415) 500-6800
Facsimile: +1 (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: krayhill@saverilawfirm.com
Email: cyoung@saverilawfirm.com
W. Joseph Bruckner (*Pro hac vice*)
Brian D. Clark (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Ave S, Suite 2200
Minneapolis, MN 55401
Phone: (612) 596-4001/Fax: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com

Kyle J. Pozan (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
1165 N. Clark Street, Ste. 700

SEAN M. BERKOWITZ (*Pro hac vice*)
sean.berkowitz@lw.com
LATHAM & WATKINS LLP
330 North Wabash Ave, Suite 2800
Chicago, IL 60611

LAURA WASHINGTON (*Pro hac vice*)
laura.washington@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd, Suite 1100
Los Angeles, CA 90067

DAVID L. JOHNSON (*Pro hac vice*)
david.johnson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004

WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@DIRLLP.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@DIRLLP.com
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004

DONALD J. CAMPBELL (No. 1216)
djc@campbellandwilliams.com
J. COLBY WILLIAMS (No. 5549)
jcw@campbellandwilliams.com
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222

*Attorneys for Defendant Zuffa, LLC, TKO Operating Company, LLC, and Endeavor*

Chicago, IL 60610
Phone: (612) 339-6900
Email: kjpozan@locklaw.com

*Group Holdings, Inc.*

*Additional Counsel for Plaintiffs and the Proposed Classes*

Michael J. Gayan
CLAGGETT & SYKES
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107
Tel: (702) 333-7777
Fax: (702) 655-3763
mike@claggettlaw.com

*Liaison Counsel for Plaintiffs and the Proposed Classes*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Joint Status Report was served on [DATE], 2025, via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Christopher S. Yates*
Christopher S. Yates of
LATHAM & WATKINS LLP