# EXHIBIT 3

# RE: Johnson/Cirkunovs/Davis

**From:** "Eric L. Cramer" <ecramer@bergermontague.com>
**Sent:** Wednesday, July 16, 2025 5:38 PM
**To:** Benjamin Cabranes <BCabranes@dirllp.com>; Chris Yates <chris.yates@lw.com>; William Isaacson <WIsaacson@dirllp.com>
**Cc:** Aaron Chiu <aaron.chiu@lw.com>; Jessica Phillips <JPhillips@dirllp.com>; Michael Dell'Angelo <mdellangelo@bergermontague.com>; "Patrick F. Madden" <pmadden@bergermontague.com>
**Subject:** RE: Johnson/Cirkunovs/Davis
**Attachments:** Johnson Cirkunovs Davis- Joint Status Report Coordination(20565301.12).docx

---

Hi Ben,

The attached reflects a version of the status report with Defendants' redlines accepted, and our additional redlines on top. A few notes on the disputed or potentially disputed issues:

First, Plaintiffs do not agree that there is no reason for the addition of language exempting Rule 30(b)(6) witnesses from the deposition limits. Doing so adds, at most, one deposition per Defendant against the proposed limits. Such modest addition is consistent with the expansion of the plan to three cases.

Second, Plaintiffs do not agree to defer a meet and confer on whether an extended deposition of a single witness (i.e., a deposition extending beyond 7 hours) should count as just one deposition against the agreed limits. If Defendants disagree with the proposition, we should get a ruling from the Court now. Nevertheless, Plaintiffs are available to meet and confer on the issue now.

Third, Defendants stated that the Court set the deadline for "Endeavor's discovery responses for certain RFPs … as August 28, 2025." However, as set forth in ECF No. 202, Endeavor must produce all documents responsive to those RFPs by August 17, 2025.

Fourth, Plaintiffs do not agree to extend Endeavor's substantial completion deadline set by the Court as August 17, 2025.

Fifth, Plaintiffs do not believe it would be appropriate to defer to October the status conference currently scheduled for August 28. As you know, the Court stated that the August 28 status conference would, among other things, address any issues arising out of Defendants' document productions currently due July 17 (for Zuffa and TKO) and August 17 (for Endeavor). Those issues will remain appropriate for an August 28 conference. The Court also stated that it would hold conferences every 2 months. Thus, it is likely that there will also be a conference in October that could address the motions to dismiss in *Cirkunovs* and *Davis*.

Sixth, Plaintiffs understand that Defendants have a right to file a motion to compel arbitration at any time in *Cirkunovs*. But Plaintiffs also have a right to discovery on the issue before being forced to respond. Plaintiffs propose language to deal with those points.

Seventh, Plaintiffs do not agree to a Daubert reply deadline that comes before Plaintiffs' Class Cert reply deadline. Defendant Zuffa already agreed to plaintiffs' proposed sequencing in Le, and Defendants Zuffa and Endeavor already agreed to it in the *Johnson* case. Then, after the parties submitted competing proposals to the Court in September 2024, the Court sided with Plaintiffs on this issue. Plaintiffs have largely agreed to the longer fact discovery period proposed by Defendants (with some tweaks to the proposed schedule thereafter), but Plaintiffs are standing firm on the sequencing to which Defendants previously agreed and which the Court has already ordered over Defendants' objection.

We are available to meet and confer at your convenience. Please let us know what days/times might work.

--Eric

**Eric L. Cramer**/*Chairman*
215.875.3009 215.327.9583

BERGER MONTAGUE

1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103

---

**From:** Benjamin Cabranes
**Sent:** Monday, July 14, 2025 1:48 PM
**To:** Eric L. Cramer ; Chris Yates ; William Isaacson
**Cc:** Aaron Chiu ; Jessica Phillips ; Michael Dell'Angelo ; Patrick F. Madden
**Subject:** RE: Johnson/Cirkunovs/Davis

Eric – please see attached for Defendants' edits and comments on Plaintiffs' consolidation proposals.
Thanks,
Ben

**Ben Cabranes | Associate**
Dunn Isaacson Rhee LLP
bcabranes@dirllp.com
202-240-2914 (direct)
203-687-7099 (cell)

---

**From:** Eric L. Cramer <ecramer@bergermontague.com>
**Sent:** Sunday, July 13, 2025 1:12 PM
**To:** Chris Yates <chris.yates@lw.com>; William Isaacson <WIsaacson@dirllp.com>
**Cc:** Aaron Chiu <aaron.chiu@lw.com>; Benjamin Cabranes <BCabranes@dirllp.com>; Jessica Phillips <JPhillips@dirllp.com>; Michael Dell'Angelo <mdellangelo@bergermontague.com>; Patrick F. Madden <pmadden@bergermontague.com>
**Subject:** FW: Johnson/Cirkunovs/Davis

Folks, it's been almost a month since we sent these materials. Can we have your response? If not, we will simply file the proposal as a motion.
--Eric

**Eric L. Cramer**/*Chairman*
215.875.3009 215.327.9583

BERGER MONTAGUE

1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103

---

**From:** Eric L. Cramer
**Sent:** Thursday, June 19, 2025 2:50 PM
**To:** William Isaacson <wisaacson@dirllp.com>; Chris Yates <chris.yates@lw.com>
**Subject:** Johnson/Cirkunovs/Davis

Bill and Chris:
Please find attached a draft joint status report for the three pending cases, which proposes a schedule and coordination procedures. Attached as well are a proposed ESI stip and protective order that would apply to all three cases.

Please let us know when you will be available to meet and confer about these proposals.
--Eric
***-**External sender. Please use caution when clicking on any attachments or links** -***

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| KAJAN JOHNSON, CLARENCE DOLLAWAY, and TRISTAN CONNELLY, on behalf of themselves and all others similarly situated,<br>PLAINTIFFS,<br>v.<br>ZUFFA, LLC, TKO OPERATING COMPANY, LLC f/k/a ZUFFA PARENT LLC (d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br>DEFENDANTS. | No.: 2:21-cv-01189-RFB<br>**JOINT STATUS REPORT** |
| Mikhail Cirkunovs, on behalf of himself and all others similarly situated,<br>Plaintiff,<br>v.<br>Zuffa LLC, TKO Operating Company, LLC f/k/a Zuffa Parent LLC (d/b/a Ultimate Fighting Championship and UFC) and Endeavor Group Holdings, Inc.,<br>Defendants. | No.: 2:25-cv-914-RFB |
| Phil Davis, on behalf of himself and all others similarly situated,<br>Plaintiff,<br>v.<br>Zuffa LLC, TKO Group Holdings, Inc. (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.,<br>Defendants. | No.: 2:25-cv-00946-RFB |

.

Pursuant to the Parties’ and the Court’s discussion at the June 3, 2025 Status Conference, Plaintiffs Kajan Johnson, Clarence Dollaway, and Tristan Connelly (the “*Johnson* Plaintiffs”), Plaintiff Mikhail Cirkunovs (the “*Cirkunovs* Plaintiff”), Plaintiff Phil Davis (the “*Davis* Plaintiff”) (~~; together with the *Johnson* Plaintiffs and *Cirkunovs* Plaintiff,~~collectively, “Plaintiffs”), and Defendants Zuffa, LLC, TKO Operating Company, LLC, TKO Group Holdings, Inc., and Endeavor Group Holdings, Inc. (“Defendants,” and collectively with Plaintiffs, the “Parties”), jointly submit this Status Report.

**I. Outstanding Motions and Proposed Stipulations**

Currently pending before the Court is the Parties’ Joint Stipulation Regarding Schedule f~~F~~or Defendants' Response To Plaintiff’s Complaint, filed on July 7, 2025. *Davis v. Zuffa, LLC, et al.*, 2:25-cv-00946 (~~Dkt.~~ECF No. 22.) The Parties further propose the attached Amended Protective Order (attached as Exhibit A), and an Amended ESI Stipulation (attached as Exhibit B) to make the respective orders currently in place in the *Johnson* Action applicable to the *Cirkunovs* and *Davis* Actions.

**II. Coordination Among the Three Actions**

Presently before the Court are three proposed class action cases: *Johnson v. Zuffa, LLC*, No. 2:21-cv-1189 (D. Nev.) (the “*Johnson* Action”); *Cirkunovs v. Zuffa LLC*, No. 2:25-cv-00914 (D. Nev.) (the “*Cirkunovs* Action”); *Davis v. Zuffa LLC*, No. 2:25-cv-00946 (D. Nev.) (the “*Davis* Action”). Each of the *Johnson* Plaintiffs, the *Cirkunovs* Plaintiff, and the *Davis* Plaintiff filed a Notice in the respective actions notifying the Court of the relatedness of these actions. *See Johnson*, ECF No. 198; *Cirkunovs*, ECF No. 2; *Davis*, ECF No. 4. Each of the three actions has been assigned to this Court.

Following the filing of the *Cirkunovs* Action and the *Davis* Action, on June 3, 2025, the Court held a hearing in the *Johnson* Action. On June 5, 2025, the Court ordered that “discovery between *Johnson et al v. Zuffa, LLC dba Ultimate Fighting Championship et al*., 2:21-cv-01189; *Cirkunovs v. Zuffa LLC et al*., 2: 25-cv-00914[;] and *Davis v. Zuffa, LLC et al*., 2:25-cv-00946, shall be consolidated to the extent that such discovery overlaps.” *Johnson*, ECF No. 202.

The Court previously ordered in the *Johnson* Action that "discovery taken in *Le v. Zuffa*, 2:15-cv-01045, may be considered as also produced in *Johnson v. Zuffa*, 2:21-cv-01189." *Johnson*, ECF No. 166 (Oct. 22, 2024). The Court also ordered that "the Protective Orders in *Le v. Zuffa*, 2:15-cv-01045, and *Johnson v. Zuffa*, 2:21-cv-01189, are AMENDED so as to permit this sharing of discovery without breaching the confidentiality requirements otherwise set forth in those orders." *Id.* (Oct. 22, 2024).

To accomplish the efficient coordination of discovery across the *Johnson*, *Cirkunovs*, and *Davis* Actions, the Parties have met and conferred and agree that any discovery from the *Johnson* Action (including the *Le* discovery) should be considered as also produced or taken in the *Cirkunovs* Action and *Davis* Action, and *vice versa*.[1]

The Parties further propose, consistent with efficient coordination of discovery, that the following be entered in each of the three Actions: an Amended Protective Order (attached as Exhibit A), and; an Amended ESI Stipulation (attached as Exhibit B). These proposed amended orders would make the respective orders currently in place in the *Johnson* Action applicable to the *Cirkunovs* and *Davis* Actions. The Parties are also negotiating an Expert Stipulation applicable to all three actions and will submit that to the Court, as well.

**III. Discovery Plan**

The Parties previously submitted a Discovery Plan in the *Johnson* Action. *See Johnson*, ECF No. 82. The Parties have met and conferred and believe that the limits previously agreed to should be expanded to accommodate the *Cirkunovs* and *Davis* Actions.

**A. Depositions**

The Parties agree that across all three cases, each side shall be allotted no more than 55 depositions (increased from 50 per side that had been agreed to for the *Johnson* Action), including no more than 15 depositions per Defendant (i.e., Plaintiffs may take up to fifteen depositions of each Defendant's employees (including current and former employees)). regardless of the number

[1] By entering into this stipulation, Defendants do not concede that any discovery taken prior to the July 1, 2017 time-period is relevant to the current market and competitive conditions in any relevant market(s) alleged in any of the three pending actions and reserve the right to contest the relevance or admissibility of discovery taken in one action(s) in the other pending action(s).

of designees, one 30(b)(6) notice per Defendant does not count against these limits.. Furthermore, as was the case in *Le*, Plaintiffs anticipate that Plaintiffs will need more than seven hours to depose certain deponents. The Parties agree that ~~, and~~ Plaintiffs may take up to 5 fact witness depositions in excess of 7 hours (but no more than 14 hours), and such extended depositions will only count as one deposition against these limits.~~the Parties agree to meet and confer regarding the effect of any extended depositions on the total deposition limits afforded each Party~~.[2]

**B. Interrogatories**

The Parties propose that each side across the three actions may collectively serve no more than 37 interrogatories on the other side.[3]

**C. Proposed Schedule**

The Parties have met and conferred and propose the following revised schedule for the Actions.

| Case Event | Date |
|---|---|
| *Johnson* Parties Zuffa and TKO substantially complete production of documents responsive to any document requests served on or before April 13, 2025 | July 17, 2025[4] |
| Defendants to serve answers to or otherwise respond to *Cirkunovs* and *Davis* Complaints | August 6, 2025 |
| *Johnson* Party Endeavor to substantially complete production of documents responsive to Plaintiffs' RFPs to Endeavor Nos. 1-17, Nos. 20-21, Nos. 24-27, Nos. 30-32, Nos. 35-41, Nos. 43-78, and Nos. 81-94~~.~~ | ~~September 19, 2025~~August 17, 2025 |
| ~~*Johnson*~~ Parties to submit a joint status report~~.~~ | ~~September 19~~August 18, 2025 |

[2] As before, the Parties' proposal as to the number of depositions excludes expert depositions. As to expert depositions, the Parties continue to propose a limit of ten (10) hours of deposition time per expert that submits a report in *Johnson*, *Cirkunovs*, and/or *Davis* to the extent such expert also submitted a report in *Le* and was deposed in *Le*. For any expert from whom a Party submits a report in *Johnson*, *Cirkunovs*, and/or *Davis* on a significant economic issue, and that expert did not submit a report in *Le*, the opposing Party shall have fourteen (14) hours to depose such expert. To the extent a Party submits an expert report not contemplated by the schedule entered in this case, the opposing party shall have an opportunity to seek the Court's approval for an additional 7 hours of deposition time concerning the unscheduled report in the event that the Court allows such a report.

[3] The Parties previously agreed (*Johnson*, ECF No. 80), and the Court ordered (*Johnson*, ECF No. 82), that with reference to the *Johnson* Action only, each side may collectively serve no more than 27 interrogatories on the other side.

[4] This deadline was set by the Court in *Johnson*. *See* ECF No. 189.

TO PLAINTIFFS: This deadline specifically applied only to Zuffa and TKO. Endeavor's discovery responses for certain RFPs to which the Court has ordered Endeavor to respond was set by the Court as August 28, 2025. *See* ECF No. 202.
Benjamin Cabranes
07/14/2025 16:21

The edits to the case event are ok with Plaintiffs. However, Plaintiffs note that the Court's Order was that Endeavor must produce all documents responsive to the ordered requests by August 17, 2025, not respond to the requests by August 28, 2025.
Patrick F. Madden
07/15/2025 16:09

TO PLAINTIFFS: Given that Endeavor's discovery negotiations began later and was delayed pending resolution of Plaintiffs' Motion to Compel, we believe all parties would benefit by adjusting Endeavor's substantial completion deadline.
Benjamin Cabranes
07/14/2025 16:22

Plaintiffs disagree that any extension is appropriate. Endeavor's conduct—as covered in detail in the multiple motions to compel—has led to significant delays. Plaintiffs cannot agree to further delays.

In any event, the Court took into account all of the factors Defendants now cite when setting the August 17 deadline.
Patrick F. Madden
07/15/2025 16:15

| | |
|---|---|
| Status Conference in *Johnson, Cirkunovs*, and *Davis* | August 28, 2025 |
| *Cirkunovs* and/or *Davis* plaintiffs to file oppositions to any motions to dismiss | September 18, 2025 |
| Defendants to file reply(ies) in support of any motion(s) to dismiss in *Cirkunovs* and *Davis* | October 9, 2025 |
| Status Conference in *Johnson, Cirkunovs*, and *Davis* | October 16, 2025 |
| Defendants to file any motion(s) to compel arbitration in *Cirkunovs* Action | On or before January 30, 2026 |
| Plaintiffs' opposition to any motion to compel arbitration in *Cirkunovs* Action | 2830 days following the later of January 30, 2026 or the date discovery on arbitration issues is complete (including document productions and any depositions related to arbitration issues) the filing of the relevant motion(s) to compel arbitration |
| Defendants' reply in support of motion to compel arbitration in *Cirkunovs* Action | 21 days following the filing of Plaintiffs' opposition to any motion to compel arbitration in *Cirkunovs* Actionthe relevant motion(s) to compel arbitration |
| Close of Fact Discovery, including all non-expert depositions as to all parties in *Johnson*, and *Cirkunovs*, and *Davis* Actions | August 15, 2026[5] |
| Close of Fact Discovery, including all non-expert depositions as to all parties in *Davis* Action | September 15, 2026 |
| Plaintiffs' opening expert reports on class and merits in *Johnson*, *Cirkunovs*, and *Davis* Actions | September 16, 2026 |
| Opposition expert reports on class and merits in *Johnson*, *Cirkunovs* , and *Davis* Actions | December 15, 2026 |
| Plaintiffs' rebuttal expert reports on class and merits in *Johnson*, *Cirkunovs*, and *Davis* Actions | February 23, 2027 |
| Last day to depose each opposing parties' experts in all Actions | April 11March 9, 2027 |
| Plaintiffs' Class Certification Motions in all Actions and any *Daubert* Motions of all parties in all Actions | June 1April 23, 2027 |
| Defendants' Responses to Class Certification Motions | August 1June 23, 2027 |

TO PLAINTIFFS: The Court previously ordered this Conference for all three actions to occur on August 28, 2025. Given the now-entered *Davis* briefing schedule, we believe it would be best to hold the status conference once the *Davis* responsive pleading has been fully briefed for the Court's consideration.
Benjamin Cabranes
07/14/2025 16:23

The Court set the status conference as a "regular discovery conference." The specific concern to be addressed at the August 28, 2025 status conference relates to Defendants' productions, which are scheduled to be completed by then. Plaintiffs see no reason to defer the status conference on those issues, and in fact, believe deferring the conference to be inappropriate at this time.
Patrick F. Madden
07/15/2025 16:29

[5] The prior scheduling order in *Johnson*, ECF No. 189, set January 16, 2026 as the close of fact discovery. Given the issues associated with coordinating the *Cirkunovs* and *Davis* cases, the Parties request an extension of that deadline and the future deadlines keyed from it.

| | |
|---|---|
| and Responses to any *Daubert* Motions in all Actions | |
| Replies re: any *Daubert* Motions in all Actions | ~~September 26~~July 23, 2027 |
| Replies re: Class Certification Motions in all Actions | ~~September 3~~July 30, 2027 |
| Any Motions for Summary Judgment in all Actions | 60 days after the later of (a) the Court's order on class certification, (b) if a party takes an appeal under Fed. R. Civ. P. 23(f), 45 days after an order resolving the petition to appeal or appeal (if the petition is granted and an appeal is allowed) |
| Responses to any Motions for Summary Judgment in All Actions | 60 days following the filing of the relevant Motion for Summary Judgment |
| Replies re: any Motions for Summary Judgment in All Actions | 90 days following the filing of the relevant Motion for Summary Judgment |
| Joint Pretrial Order in All Actions | 30 days following the Courts' resolution of all Motions for Summary Judgment |

Plaintiffs do not agree to the Daubert reply deadline coming after the Class reply deadline. As you know, in September 2023, Defendants agreed to a proposed case schedule that allotted 28-days for Daubert replies and then an additional 14 days after Daubert replies for Plaintiffs' Class Cert reply.

Despite that agreed sequence and schedule, in September 2024, Defendants sought to litigate the schedule. Plaintiffs had proposed that Daubert replies be due 32 days after oppositions and that Plaintiffs' Class Cert reply be due one week after Daubert replies. Defendants, in addition to proposing two rounds of expert discovery and two rounds of Dauberts, proposed that Plaintiffs' Class Cert reply be due 28 days after opposition, and that Daubert replies be due 7 days after Plaintiffs' Class Cert reply. As you know, the Court adopted Plaintiffs' proposal.

Plaintiffs have reinserted the sequence and timing that Zuffa agreed to in *Le*, that Endeavor and Zuffa agreed to in September 2023 in *Johnson*, and which the Court entered instead of Defendants' proposal in September 2024 in *Johnson*.
Patrick F. Madden
07/15/2025 17:18

Respectfully Submitted,

By: ________________________
Eric L. Cramer (*Pro hac vice*)
Michael Dell'Angelo (*Pro hac vice*)
Patrick F. Madden (*Pro hac vice*)
BERGER MONTAGUE PC
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: +1 (215) 875-3000
Email: ecramer@bm.net
Email: mdellangelo@bm.net
Email: pmadden@bm.net

Joshua P. Davis (*Pro Hac Vice*)
Kyla Gibboney (*Pro Hac Vice*)
Robert C. Maysey (*Pro Hac Vice*)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Phone: (415) 215-0962
jdavis@bm.net
kgibboney@bm.net
rmaysey@bm.net

*Counsel for Plaintiffs and the Proposed*

Dated: [DATE], 2025

By:____________________________
CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 395-8095

SEAN M. BERKOWITZ (*Pro hac vice*)
sean.berkowitz@lw.com
LATHAM & WATKINS LLP
330 North Wabash Ave, Suite 2800
Chicago, IL 60611

LAURA WASHINGTON (*Pro hac vice*)
laura.washington@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd, Suite 1100
Los Angeles, CA 90067

DAVID L. JOHNSON (*Pro hac vice*)
david.johnson@lw.com

*Classes*

Benjamin D. Brown (*Pro Hac Vice*)
Richard A. Koffman (*Pro Hac Vice*)
Daniel H. Silverman (*Pro Hac Vice*)
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave., N.W., Suite 500
Washington, DC 20005
Phone: (202) 408-4600/Fax: (202) 408 4699
bbrown@cohenmilstein.com
rkoffman@cohenmilstein.com
dsilverman@cohenmilstein.com

Joseph R. Saveri (*Pro hac vice*)
Christopher Young (*Pro hac vice*)
Kevin E. Rayhill (*Pro hac vice*)
JOSEPH SAVERI LAW FIRM, INC.
601 California St., Suite 1000
San Francisco, CA 94108
Telephone: +1 (415) 500-6800
Facsimile: +1 (415) 395-9940
Email: jsaveri@saverilawfirm.com
Email: krayhill@saverilawfirm.com
Email: cyoung@saverilawfirm.com
W. Joseph Bruckner (*Pro hac vice*)
Brian D. Clark (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
100 Washington Ave S, Suite 2200
Minneapolis, MN 55401
Phone: (612) 596-4001/Fax: (612) 339-0981
wjbruckner@locklaw.com
bdclark@locklaw.com

Kyle J. Pozan (*Pro hac vice*)
LOCKRIDGE GRINDAL NAUEN PLLP
1165 N. Clark Street, Ste. 700
Chicago, IL 60610
Phone: (612) 339-6900
Email: kjpozan@locklaw.com

*Additional Counsel for Plaintiffs and the Proposed Classes*

Michael J. Gayan
CLAGGETT & SYKES
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107
Tel: (702) 333-7777
Fax: (702) 655-3763
mike@claggettlaw.com

LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004

WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@DIRLLP.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@DIRLLP.com
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004

DONALD J. CAMPBELL (No. 1216)
djc@campbellandwilliams.com
J. COLBY WILLIAMS (No. 5549)
jcw@campbellandwilliams.com
CAMPBELL & WILLIAMS
700 South 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222

*Attorneys for Defendant Zuffa, LLC, TKO Operating Company, LLC, and Endeavor Group Holdings, Inc.*

*Liaison Counsel for Plaintiffs and the Proposed Classes*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Joint Status Report was served on [DATE], 2025, via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

*/s/ Christopher S. Yates*
Christopher S. Yates of
LATHAM & WATKINS LLP