# EXHIBIT 5

William A. Isaacson *(Pro hac vice)*
wisaacson@dirllp.com
JESSICA PHILLIPS *(Pro hac vice)*
jphillips@dirllp.com
AGBEKO PETTY *(Pro hac vice)*
apetty@dirllp.com
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
Tel: (202) 240-2900

DONALD J. CAMPBELL (No. 1216)
djc@cwlawlv.com
J. COLBY WILLIAMS (No. 5549)
jcw@cwlawlv.com
CAMPBELL & WILLIAMS
710 South 7th Street, Ste. A
Las Vegas, NV 89101
Tel: (702) 382-5222

CHRISTOPHER S. YATES *(Pro hac vice)*
chris.yates@lw.com
AARON T. CHIU *(Pro hac vice)*
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600

[Additional counsel listed on signature page]

*Attorneys for Defendants Zuffa, LLC, and TKO Group Holdings, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

Phil Davis, on behalf of himself and all others similarly situated,

Plaintiff,

v.

Zuffa, LLC, TKO Group Holdings, Inc. (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.,

Defendants.

Case No.: 2:25-cv-00946-RFB-BNW

**DEFENDANTS ZUFFA, LLC, AND TKO GROUP HOLDINGS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PHIL DAVIS**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendants Zuffa, LLC and TKO Group Holdings, Inc., hereby request that Plaintiff Phil Davis respond to the following Requests for Admission ("Requests") within thirty (30) days of service.

**<u>DEFINITIONS</u>**

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. "**Athlete**" means any person who engages in amateur or professional sports, including, but not limited to, **Combat Sports** or **Mixed Martial Arts**.

2. "**Agreement**" means any oral or written contract, arrangement, or understanding, whether formal or informal, between two or more persons, together with all modifications and amendments thereto.

3. **"Bellator"** means Bellator MMA, and any representative, agent, officer, or employee thereof.

4. "**Bout**" means a contest between two **Athletes** engaged in a **Combat Sport**.

5. "**Combat Sport**" means any competitive contact sport involving the use of any martial art or a combination of martial arts including, but not limited to, **Mixed Martial Arts**, boxing, wrestling, judo, kickboxing, jiu-jitsu, muay thai, bare knuckle fighting, grappling, cage fighting, pankration, vale tudo, sambo, sanshou, sanda, and taekwondo.

6. "**Complaint**" means the antitrust class action complaint filed in *Davis v. Zuffa LLC, et al*., No. 2:25-cv-00946-RFB-BNW, Dkt. No. 1.

7. "**Declination**" refers to a situation in which an **Athlete** is offered a **Bout** against an opponent designated by the **UFC** but does not accept that **Bout** because the **Athlete** is unable, unwilling or refuses to compete for any reason whatsoever.

8. "***Le* Complaint**" means the consolidated amended antitrust class action complaint filed in *Le et al. v. Zuffa, LLC et al.*, No. 2:15-cv-01045-RFB-PAL, Dkt. No. 208.

9. "***Le* Litigation**" means *Le et al. v. Zuffa, LLC, et al.*, No. 2:15-cv-01045-RFB-PAL.

10. **"MMA" or "Mixed Martial Arts"** means a competitive individual sport in which competitors use interdisciplinary forms of martial arts that include, e.g., jiu-jitsu, judo, karate, boxing, kickboxing, grappling, taekwondo, and/or wrestling, to their strategic and tactical advantage in a supervised match.

11. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group, or other form of legal entity.

12. **"PFL"** means Professional Fighters League, and any representative, agent, officer, or employee thereof.

13. "**Professional MMA Bout**" means a head-to-head fight between two **MMA Athletes**.

14. "**Promoter**" and "**Promotion**" mean any **Person** or entity that arranges professional sporting or entertainment events for profit, including, but not limited to, any **Combat Sports**, football, track and field, baseball, basketball, soccer, theatrical performances, cinematic performances, or musical performances, together with all current and former directors, officers, employees, agents, representatives or any **Persons** acting or purporting to act on behalf of such **Person** or entity.

15. "**Promotion Agreement(s)**" means an **Agreement** between an **MMA Athlete** and a **Promoter** that sets forth the terms for **Professional MMA or Combat Sports Bouts**.

16. "**Scheme**" means the anticompetitive scheme alleged in the complaint filed in *Davis v. Zuffa, LLC, et al.*, No. 2:25-cv-00946-RFB-BNW, Dkt. No. 1.

17. "**UFC**" means the Ultimate Fighting Championship and Zuffa, LLC.

18. "**You**," "**Your**," "**Yourself**," and "**Plaintiff(s)**" mean Phil Davis and all **Persons**, including both legal and natural **Persons**, acting or purporting to act on their/his behalf, including managers, agents, representatives, and attorneys.

## INSTRUCTIONS

1. Unless otherwise stated, the time period covered by these Requests is May 13, 2021, to present.

2. The following rules of construction shall be applied herein: (1) the words "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive; (2) the singular includes the plural and vice-versa; and (3) the words "any," "all," "each" and "every" all include any, all, each and every. If a matter is not admitted, **You** must specifically deny it or state in detail why **You** cannot truthfully admit or deny it.

3. Capitalized terms that appear in quotations not otherwise defined herein have the meaning ascribed to such terms in the **UFC's Promotion Agreements**.

4. If **You** can qualify an answer or deny only a part of a matter, **Your** answer must specify the part admitted, and qualify or deny the rest.

5. If **Your** answer is qualified in any way, set forth the details of such qualification.

6. If **You** assert lack of knowledge or information as a reason for failing to admit or deny a matter, **You** must state that **You** have made a reasonable inquiry and that the information **You** know or can readily obtain is insufficient to enable **You** to admit or deny the matter.

7. If **You** object to a particular Request, **You** must state the grounds for **Your** objection. **You** cannot object solely on the grounds that the Request presents a genuine issue for trial.

8. If **You** believe that any Request, Definition, or Instruction is ambiguous, in whole or in part, **You** nonetheless must respond and (a) set forth the matter deemed ambiguous and (b) describe the manner in which **You** have construed the Request in order to frame **Your** response.

9. If **You** withhold any information called for by a Request based on a claim of privilege, set forth the nature of the claimed privilege and the nature of the information with respect to which it is claimed.

10. To the fullest extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure, these Requests shall be deemed subject to the duty to supplement, and **You** shall be obligated to change, supplement, and correct **Your** answers to conform to all available information, including information as it becomes available to **You** after **You** have served **Your** answers to these Requests.

11. Unless specifically defined, all words shall be construed and interpreted according to ordinary custom, usage, and meaning.

12. Failure to provide information in response to these Requests will be deemed a waiver of **Your** right to produce such evidence at trial. Defendants reserve the right to move to preclude the introduction of any evidence not produced in response to these Requests.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that prior to the filing of **Your Complaint**, the "Right of First Negotiation" section contained in the **UFC Promotion Agreements** that were at issue in the ***Le*** **Litigation** was changed to shorten the "Exclusive Negotiation Period" from 90 days to 30 days.

**REQUEST FOR ADMISSION NO. 2:**

Admit that prior to the filing of **Your Complaint**, the "Right to Match" section contained in the **UFC Promotion Agreements** that were at issue in the ***Le*** **Litigation** was changed to shorten the "Matching Period" from 12 months to 4 months.

**REQUEST FOR ADMISSION NO. 3:**

Admit that prior to the filing of **Your Complaint**, the "Term" section contained in the **UFC Promotion Agreements** that were at issue in the ***Le*** **Litigation** was changed to shorten the term extension due to a **Declination** from 18 months to the longer of the length of time sufficient to find a new opponent to accept the bout, or 6 months.

**REQUEST FOR ADMISSION NO. 4:**

Admit that prior to the filing of **Your Complaint**, the "Injury and Retirement" section contained in the **UFC Promotion Agreements** that were at issue in the ***Le*** **Litigation** was changed to shorten the "Maximum Suspension Period" from 5 years to 4 years.

**REQUEST FOR ADMISSION NO. 5:**

Admit that prior to the filing of **Your Complaint**, **UFC Promotion Agreements** became subject to a maximum term length of 5 years from a fighter's first **Bout**, absent (a) an inability to compete due to suspension or revocation by an anti-doping agency or an athletic commission or (b) an unreasonable refusal to accept a **Bout** offered by the **UFC**.

**REQUEST FOR ADMISSION NO. 6:**

Admit that prior to the filing of **Your Complaint**, the "Merchandise Rights" clause contained in the **UFC Promotion Agreements** that were at issue in the ***Le*** **Litigation** was changed so that fighters retained the right to use their identities.

**REQUEST FOR ADMISSION NO. 7:**

Admit that, during the entirety of **Your** career with the **UFC** from 2010–2015**, You** never signed a **Promotion Agreement** with the **UFC** that contained an arbitration clause.

**REQUEST FOR ADMISSION NO. 8:**

Admit that, during the entirety of **Your** career with the UFC from 2010–2015, **You** never signed a **Promotion Agreement** with the **UFC** that contained a class, collective, and/or representative action waiver.

**REQUEST FOR ADMISSION NO. 9:**

Admit that **Your** last **Bout** with the **UFC** took place in January 2015.

**REQUEST FOR ADMISSION NO. 10:**

Admit that **You** signed a **Promotion Agreement** with **Bellator** in 2015.

**REQUEST FOR ADMISSION NO. 11:**

Admit that **You** fought for **Bellator** from 2015–2023 and became the **Bellator** Light Heavyweight Champion in 2016.

**REQUEST FOR ADMISSION NO. 12:**

Admit that when **PFL** acquired **Bellator** in 2023, **You** began to fight for **PFL**, and that **You** still fight for **PFL** today.

**REQUEST FOR ADMISSION NO. 13:**

Admit that **Your Promotion Agreement** with **Bellator** contained an exclusivity provision that granted **Bellator** the exclusive right to promote all of **Your Bouts**.

**REQUEST FOR ADMISSION NO. 14:**

Admit that **Your Promotion Agreement** with **Bellator** contained a clause that required **You** to exclusively negotiate with **Bellator** upon the expiration or renewal of **Your Promotion Agreement** for a defined period of time.

**REQUEST FOR ADMISSION NO. 15:**

Admit that **Your Promotion Agreement** with **Bellator** contained a clause that granted **Bellator** the right to match the terms of any **Promotion Agreement** offered to **You** by another **Promoter** for a defined period of time upon the expiration of the Exclusive Negotiation Period.

**REQUEST FOR ADMISSION NO. 16:**

Admit that **Your Promotion Agreement** with **Bellator** contained a clause that provided for an automatic extension of the term of **Your Promotion Agreement** due to, among other reasons, the postponement of a **Bout** due to **Declination**, injury, disability, and/or retirement.

**REQUEST FOR ADMISSION NO. 17:**

Admit that **Your Promotion Agreement** with **Bellator** contained a clause that provided for an automatic extension at the expiration of the term of **Your Promotion Agreement** if, at any time during the term of **Your Promotion Agreement**, **You** were declared a champion of **Your** weight class.

**REQUEST FOR ADMISSION NO. 18:**

Admit that **Your Promotion Agreement** with **Bellator** granted **Bellator** unrestricted rights in perpetuity to use, exploit, and profit from **Your** name(s), identities, image(s), likeness(es), photograph(s), voice(s), and all other information relating to **Your** identity for the purpose of advertising and promoting **Your Bouts** and/or **Bellator's** brand, licensees or affiliates.

**REQUEST FOR ADMISSION NO. 19:**

Admit that **Your Promotion Agreement** with **PFL** contains an exclusivity provision that grants **PFL** the exclusive right to promote all of **Your Bouts**.

**REQUEST FOR ADMISSION NO. 20:**

Admit that **Your Promotion Agreement** with **PFL** contains a clause that requires **You** to exclusively negotiate with **PFL** upon the expiration or renewal of **Your Promotion Agreement** for a defined period of time.

**REQUEST FOR ADMISSION NO. 21:**

Admit that **Your Promotion Agreement** with **PFL** contains a clause that grants **PFL** the right to match the financial terms of any **Promotion Agreement** offered to **You** by another **Promoter** for a defined period upon the expiration of the Exclusive Negotiation Period.

**REQUEST FOR ADMISSION NO. 22:**

Admit that **Your Promotion Agreement** with **PFL** contains a clause that provides for an extension or suspension of the term of **Your Promotion Agreement** due to **Your** breach of any

material provision of **Your Promotion Agreement** including, but not limited to, a **Declination**, injury, disability, and/or retirement.

**REQUEST FOR ADMISSION NO. 23:**

Admit that **Your Promotion Agreement** with **PFL** contains a clause that grants **PFL** an option to renew **Your Promotion Agreement** at the expiration of its term if, during the final year of its term, **You** win a championship **Bout**.

**REQUEST FOR ADMISSION NO. 24:**

Admit that **Your Promotion Agreement** with **PFL** grants **PFL** unrestricted rights in perpetuity to use, exploit, and profit from **Your** name(s), identity or identities, image(s), likeness(es), photograph(s), voice(s), and all other information relating to **Your** identity for the purpose of advertising and promoting **Your Bouts** and/or **PFL's** brand and merchandising.

**REQUEST FOR ADMISSION NO. 25:**

Admit that **You** signed at least one multi-year and/or multi-**Bout Promotion Agreement** with **Bellator**.

**REQUEST FOR ADMISSION NO. 26:**

Admit that **You** signed at least one multi-year and/or multi-**Bout Promotion Agreement** with **PFL**.

**REQUEST FOR ADMISSION NO. 27:**

Admit that **Your Promotion Agreement** with PFL grants **PFL** the right and option to renew **Your Promotion Agreement** after the expiration of its initial term for consecutive periods of defined amounts of time.

**REQUEST FOR ADMISSION NO. 28:**

Admit that the **Scheme You** allege in **Your Complaint**—namely, that the **UFC** used exclusionary acts to foreclose competition in the markets for "Promotion of live Professional MMA Bouts" and for "Professional MMA Fighter services"—is the same **Scheme** that was alleged in the ***Le*** **Complaint**.

**REQUEST FOR ADMISSION NO. 29:**

Admit that **Your Complaint** and the ***Le* Complaint** both allege that the **UFC** used long-term exclusive contracts with **MMA Athletes** to lock up the "vast majority" of top-ranked **MMA Athletes** and foreclose would-be rival **Promoters** from accessing necessary inputs.

**REQUEST FOR ADMISSION NO. 30:**

Admit that the contractual provisions described at Paragraph 121 of **Your Complaint** are the same contractual provisions as those described at Paragraph 113 of the ***Le* Complaint**, except that (1) the ***Le* Complaint** uses the terms "'Right to First Offer' and 'Right to Match'" while **Your Complaint** uses the terms "'Exclusive Negotiation Period' and 'Right to Match,'" and (2) the ***Le* Complaint** lists the "Ancillary Rights Clause" and **Your Complaint** does not.

**REQUEST FOR ADMISSION NO. 31:**

Admit that **Your Complaint** and the ***Le* Complaint** both allege that the **UFC** retaliated against **MMA Athletes** who worked, threatened to work, or considered working, with would-be rival **Promoters**.

**REQUEST FOR ADMISSION NO. 32:**

Admit that the allegations in **Your Complaint** at Paragraphs 124–125 that the **UFC** coerces **MMA Athletes** to re-sign **Promotion Agreements** before their current **Promotion Agreements** expire involve the same conduct alleged in the ***Le* Complaint** at Paragraphs 113–119.

**REQUEST FOR ADMISSION NO. 33:**

Admit that **Your Complaint** and the ***Le* Complaint** both allege that, as part of the **Scheme**, the **UFC** acquired actual or potential rival **MMA Promoters** to eliminate competing titles and **Promotions** from the marketplace, and the specific acquisitions described in **Your Complaint** are the same acquisitions alleged in the ***Le* Complaint**, including WEC, WFA, Pride, Affliction Entertainment/Golden Boy Promotions, HDNet Fights, and Strikeforce.

**REQUEST FOR ADMISSION NO. 34:**

Admit that **Your Complaint** and the ***Le* Complaint** both allege that the **UFC's Scheme** includes "causing or directly and intentionally contributing to the failure of competing **MMA**

**Promotions** and acquiring actual or potential rival **Promotions**" to eliminate competition and "to obtain the contracts of Professional **MMA** Fighters."

**<u>REQUEST FOR ADMISSION NO. 35:</u>**

Admit that **Your Complaint** and the ***Le*** **Complaint** both allege that the **UFC** relegated all remaining rival **MMA Promoters** to "minor league" or "feeder" status.

**<u>REQUEST FOR ADMISSION NO. 36:</u>**

Admit that the allegations in **Your Complaint** regarding the **UFC's** conduct involving Francis Ngannou, including the **UFC's** use of the "Champion's Clause" and coercive tactics to prevent Ngannou from becoming a free agent, involved the same contractual provisions and coercive practices that were alleged in the ***Le*** **Complaint**.

**<u>REQUEST FOR ADMISSION NO. 37:</u>**

Admit that each of the statements by Dana White or Mark Shapiro about PFL or Bellator quoted in **Your Complaint**, including statements describing other promotions as "shitty" organizations, "feeder" leagues, and the "B-squad," reflect the same competitive dynamics and the same minor-league status of rival **MMA Promoters** that were alleged in the ***Le*** **Complaint**.

Dated: April 17, 2026

Respectfully Submitted,

By: /s/ *Christopher S. Yates*

CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600

SEAN M. BERKOWITZ *(Pro hac vice)*
sean.berkowitz@lw.com
LATHAM & WATKINS LLP
330 North Wabash Ave, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700

LAURA WASHINGTON *(Pro hac vice)*
laura.washington@lw.com
JOSEPH AXELRAD (*Pro hac vice*)
joseph.axelrad@lw.com
DANIELLE LENECK
danielle.leneck@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd, Suite 1100
Los Angeles, CA 90067
Tel: (424) 653-5500

WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@dirllp.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@dirllp.com
AGBEKO PETTY (*Pro hac vice*)
apetty@dirllp.com
BENJAMIN J. CABRANES (*Pro hac vice*)
bcabranes@dirllp.com
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
Tel: (202) 240-2900

YOTAM BARKAI (*Pro hac vice*)
ybarkai@dirllp.com
DUNN ISAACSON RHEE LLP
11 Park Place
New York, NY 10007

DONALD J. CAMPBELL (No. 1216)
djc@cwlawlv.com
J. COLBY WILLIAMS (No. 5549)
jcw@cwlawlv.com
CAMPBELL & WILLIAMS
710 South 7th Street
Las Vegas, NV 89101
Tel: (702) 382-5222

*Attorneys for Defendants Zuffa, LLC, and TKO Group Holdings, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served upon counsel for Plaintiffs via email on April 17, 2026.

Date: April 17, 2026

/s/ *Lauren S. Chamberlin*