# EXHIBIT 6

MAAREN A. SHAH *(Pro hac vice)*
maarenshah@quinnemanuel.com
SAMI H. RASHID (*Pro hac vice*)
samirashid@quinnemanuel.com
ELLISON WARD MERKEL *(Pro hac vice)*
ellisonmerkel@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
295 Fifth Avenue, 9th Floor
New York, New York 10016
Tel: (212) 849-7000

KRISTIN N. TAHLER *(Pro hac vice)*
kristintahler@quinnemanuel.com
WILLIAM R. SEARS *(Pro hac vice)*
will.sears@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000

RORY T. KAY (NV Bar No. 12416)
rkay@mcdonaldcarano.com
EMILY M. DENNIS (NV Bar No. 16396)
edennis@mcdonaldcarano.com
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Tel: (702) 873-4100

*Attorneys for Defendant Endeavor Group Holdings, Inc.*

CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600

WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@dirllp.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@dirllp.com
AGBEKO PETTY (*Pro hac vice*)
apetty@dirllp.com
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
Tel: (202) 240-2900

DONALD J. CAMPBELL (No. 1216)
djc@cwlawlv.com
J. COLBY WILLIAMS (No. 5549)
jcw@cwlawlv.com
CAMPBELL & WILLIAMS
710 South 7th Street, Ste. A
Las Vegas, NV 89101
Tel: (702) 382-5222

*Attorneys for Defendants Zuffa, LLC and TKO Group Holdings, Inc.*

[Additional counsel listed on signature]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| PHIL DAVIS, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC, TKO Group Holdings, Inc. (d/b/a Ultimate Fighting Championship and UFC), and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>Defendants. | Case No.: 2:25-cv-00946-RFB-BNW<br><br>**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Zuffa, LLC, TKO Group Holdings, Inc., and Endeavor Group Holdings, Inc. (collectively, "Defendants") hereby request that Plaintiff Phil Davis produce the documents and things specified below (the "Requests") for inspection and copying to the offices of Latham & Watkins LLP, located at 505 Montgomery Street, Suite 2000, San Francisco, CA 94111-6538.

## DEFINITIONS

1. The term "COMMUNICATION" means, without limitation, oral or written communications of any kind, such as (but not limited to) electronic communications, direct communications through social media (INCLUDING direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings.

2. The term "CONCERNING" means relating to, regarding, with respect to, referring to, in connection with, describing, evidencing, or constituting.

3. The term "DOCUMENT(S)" shall be synonymous in meaning and equal in scope to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure, INCLUDING hard copies, electronic documents, electronic or computerized data compilations, software, software images, or downloads. This term shall apply to documents, whether in hard copy or electronic form, on any computers or any other system.

4. The term "INCLUDING" means "including, but not limited to," and the term "INCLUDE" means "include, but is or are not limited to."

5. The term "PERSON" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group, or other form of legal entity.

6. The term "RELEVANT TIME PERIOD" means July 1, 2017, until the present, unless otherwise noted herein.

7. The terms "YOU," "YOUR," "YOURSELF," and "PLAINTIFF(S)" mean Phil Davis, and/or all PERSONS, INCLUDING both legal and natural persons, acting or purporting to act on behalf of Phil Davis, INCLUDING managers, agents, representatives, and attorneys.

## INSTRUCTIONS

8. The following rules of construction shall apply to all Requests as necessary to bring within the scope of the Request all responses or DOCUMENTS that might otherwise be construed to be outside of its scope: the use of a verb in any tense shall be construed to include the use of that verb in all other tenses, the use of a word in its singular form shall be deemed to include within its use the plural form as well and vice versa, the connectives "and" and "or" shall be construed either disjunctively or conjunctively, and the terms "all," "any," and "each" shall be construed as "all, any, every and each."

9. If any DOCUMENTS are withheld based on an objection to any Request, all DOCUMENTS covered by that Request but not subject to the objection should be produced.

10. DOCUMENTS not otherwise responsive to any of the Requests herein should be produced if such DOCUMENTS are attached to a DOCUMENT or thing called for by these Requests.

11. To the extent YOU contend that responsive DOCUMENTS cannot be produced pursuant to the notice and consent requirements contained in a protective order or AGREEMENT, the written response to each Request shall identify the specific provisions of the protective order or AGREEMENT on which PLAINTIFFS are relying and the efforts that PLAINTIFFS have undertaken and will undertake to provide notice and obtain consents.

12. Unless otherwise specified, the DOCUMENTS requested INCLUDE the responsive DOCUMENTS in YOUR actual or constructive possession, control, or custody, as well as the responsive DOCUMENTS in the actual or constructive possession, control or custody of YOUR employees, agents, representatives, managers, or any other PERSON acting or purporting to act on YOUR behalf, and, unless privileged and such privilege has not been waived, YOUR attorneys.

13. All responsive DOCUMENTS in YOUR possession, control or custody that exist in electronic format (whether on internal or external hard drives; on desktop, laptop, notebook, tablet, or personal digital assistant computers; servers; CDs; DVDs; USB drives; or any other

electronic medium) shall be produced in compliance with the ESI Stipulation agreed to by the parties in this ACTION.

14. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, DOCUMENTS shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each DOCUMENT's custodian(s)), or (b) organized and labeled to correspond to the specific Request enumerated in these Requests, with such specific Request identified.

15. In producing DOCUMENTS, YOU are requested to produce a legible copy of each DOCUMENT requested together with all non-identical copies and drafts of that DOCUMENT. YOU shall retain all the original DOCUMENTS for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

16. Any alteration of a responsive DOCUMENT, INCLUDING any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a DOCUMENT is a responsive DOCUMENT in its own right and must be produced.

17. DOCUMENTS should be produced in full, without abbreviation or expurgation, regardless of whether YOU consider the entire DOCUMENT to be relevant or responsive.

18. In instances where two or more exact duplicates of any DOCUMENT exist, the most legible copy shall be produced.

19. These Requests are to be considered continuing in nature, and YOU must promptly furnish supplemental responses in accordance with the requirements of Federal Rule of Civil Procedure 26(e) if any additional DOCUMENTS or information are discovered or created after YOUR responses are tendered, or if any of YOUR responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

20. Other than redactions of privileged information, as addressed in Paragraph 14 below, DOCUMENTS are to be produced in full and may not be redacted in any manner. If any

requested DOCUMENT cannot be produced in full, produce it to the extent possible, and provide the following information for each such DOCUMENT and each portion of such DOCUMENT withheld:

a. the general subject matter of the DOCUMENT and each portion withheld;

b. the date of the DOCUMENT;

c. the author(s) of the DOCUMENT and their title(s);

d. the recipient(s) of the DOCUMENT and their title(s); and

e. the basis for withholding each portion of the DOCUMENT that is withheld from production.

21. To the extent YOU object to or claim a privilege with respect to any Request in whole or in part, provide the following information for each DOCUMENT and each portion of any DOCUMENT withheld:

a. the type of DOCUMENT;

b. the general subject matter of the DOCUMENT and each portion withheld;

c. the date of the DOCUMENT;

d. the author(s) of the DOCUMENT and their title(s);

e. the recipient(s) of the DOCUMENT and their title(s); and

f. all reasons and the underlying basis for YOUR objection or claim of privilege for withholding such DOCUMENT and each withheld portion of a DOCUMENT in sufficient detail to permit the COURT to determine the validity of YOUR objection or claim of privilege.

Provide all DOCUMENTS or portions of DOCUMENTS responsive to the Request to the extent not privileged, and set forth all reasons and the underlying basis for YOUR objection or claim of privilege in sufficient detail to permit the COURT to determine the validity of YOUR objection or claim of privilege as to the remainder of the Request.

22. Unless otherwise specified, the geographic scope of these Requests is the entire world.

23. These Requests seek all responsive DOCUMENTS created or generated during the RELEVANT TIME PERIOD, as well as responsive DOCUMENTS created or generated outside the RELEVANT TIME PERIOD, but which contain information CONCERNING the RELEVANT TIME PERIOD.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1**

For all mobile phone numbers subscribed to, used by, or otherwise associated with PLAINTIFF, provide DOCUMENTS sufficient to identify the names of carriers that serviced all devices connected to these phone numbers. This should include, without limitation, subscriber information, including, but not limited to, billing information, service start and stop dates, and DOCUMENTS sufficient to show changes to any such subscriber information, over the RELEVANT TIME PERIOD. To the extent available, provide the following additional information: (1) records of "talk" and/or "call details," including the number a call is received from or made to, whether the call is incoming or outgoing, the date and time of the call (Pacific Standard Time Zone), the length of the call, and, to the extent such information is available or maintained separately, any calls to check voicemail; (2) text message reports, including the incoming and outgoing phone numbers, the date and time the message was sent and received, and the number of messages sent (but not any text message content), over the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 2**

For all mobile phone numbers subscribed to, used by, or otherwise associated with PLAINTIFF, provide all activity logs or log files from messaging applications, communication platforms, and social networking services—excluding carrier-level call detail records and SMS/MMS logs responsive to Request for Production No. 57—including, but not limited to, user activities related to (a) one-to-one and group messaging communications conducted through such applications, platforms, or services, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size or length, excluding message contents; (b) one-to-one and group voice or video calls conducted through such applications, platforms, or services, including caller/callee

identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents and (c) participation in group memberships on such applications, platforms, or services, including group identifiers, group name, date/time of user joining or leaving, and group administrator(s), excluding any content of group messages; and (d) uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or utilizing other public or private social networking activities YOU facilitate, including the date, time, and user(s) associated with the individual's use of YOUR features.

**REQUEST FOR PRODUCTION NO. 3**

For all mobile phone accounts subscribed to, used by, or otherwise associated with PLAINTIFF, provide DOCUMENTS sufficient to show all payment and billing records, including payment method type, billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

**REQUEST FOR PRODUCTION NO. 4**

For all mobile phone accounts subscribed to, used by, or otherwise associated with PLAINTIFF, provide DOCUMENTS sufficient to identify the current account status (active, deactivated, permanently deleted) and records identifying the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred.

Dated: June 10, 2026

Respectfully Submitted,

By: */s/ Maaren A. Shah*
MAAREN A. SHAH *(Pro hac vice)*
maarenshah@quinnemanuel.com
SAMI H. RASHID (*Pro hac vice*)
samirashid@quinnemanuel.com
ELLISON W. MERKEL *(Pro hac vice)*
ellisonmerkel@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
295 Fifth Avenue, 9th Floor
New York, New York 10016
Tel: (212) 849-7000

KRISTIN N. TAHLER *(Pro hac vice)*
kristintahler@quinnemanuel.com
WILLIAM R. SEARS *(Pro hac vice)*
will.sears@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000

RORY T. KAY (NV Bar No. 12416)
rkay@mcdonaldcarano.com
EMILY M. DENNIS (NV Bar No. 16396)
edennis@mcdonaldcarano.com
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Tel: (702) 873-4100

*Attorneys for Defendant Endeavor Group Holdings, Inc.*

By: */s/ Christopher S. Yates*
CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600

SEAN M. BERKOWITZ *(Pro hac vice)*
sean.berkowitz@lw.com
LATHAM & WATKINS LLP
330 North Wabash Ave, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700

JOSEPH AXELRAD (*Pro hac vice*)
joseph.axelrad@lw.com
DANIELLE LENECK (*Pro hac vice*)
danielle.leneck@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd, Suite 1100
Los Angeles, CA 90067
Tel: (424) 653-5500

WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@dirllp.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@dirllp.com
AGBEKO PETTY (*Pro hac vice*)
apetty@dirllp.com
BENJAMIN J. CABRANES (*Pro hac vice*)
bcabranes@dirllp.com
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
Tel: (202) 240-2900

YOTAM BARKAI (*Pro hac vice*)
ybarkai@dirllp.com
DUNN ISAACSON RHEE LLP
11 Park Place
New York, NY 10007
Tel: (212) 389-9704

J. COLBY WILLIAMS (No. 5549)
jcw@cwlawlv.com
SAMUEL. R. MIRKOVICH (No. 11662)
srm@cwlawlv.com
CAMPBELL & WILLIAMS
710 South 7th Street
Las Vegas, NV 89101

Tel: (702) 382-5222

*Attorneys for Defendants Zuffa, LLC and TKO Group Holdings, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Defendants' First Set of Requests for Production of Documents to Plaintiff was served upon counsel for Plaintiff via email on June 10, 2026:

Date: June 10, 2026 *<u>/s/ Lindsay Martin</u>*