# EXHIBIT 8

WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@dirllp.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@dirllp.com
AGBEKO PETTY (*Pro hac vice*)
apetty@dirllp.com
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
Tel: (202) 240-2900

SAMUEL R. MIRKOVICH (No. 11662)
srm@cwlawlv.com
PHILIP R. ERWIN (No. 11563)
pre@cwlawlv.com
CAMPBELL & WILLIAMS
710 South 7th Street, Ste. A
Las Vegas, NV 89101
Tel: (702) 382-5222

CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600

*Attorneys for Defendants Zuffa, LLC and TKO Group Holdings, Inc.*

[Additional counsel listed on signature page]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

Phil Davis, on behalf of himself and all others similarly situated,

Plaintiff,

v.

ZUFFA, LLC, TKO Group Holdings, Inc. (d/b/a Ultimate Fighting Championship and UFC), and Endeavor Group Holdings, Inc.,

Defendants.

Case No.: 2:25-cv-00946-RFB-BNW

**DEFENDANTS ZUFFA, LLC AND TKO GROUP HOLDINGS, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PHIL DAVIS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Zuffa, LLC, and TKO Group Holdings, Inc., hereby request that Plaintiff Phil Davis produce the documents and things specified below (the "Requests") for inspection and copying to the offices of Latham & Watkins LLP, located at 505 Montgomery Street, Suite 2000, San Francisco, CA, 94111.

## DEFINITIONS

1. The term "ACTION" means *Phil Davis v. Zuffa, LLC*, *et al.*, No. 2:25-cv-00946-RFB-BNW (D. Nev.).

2. The term "AGREEMENT" means any oral or written contract, arrangement, or understanding, whether formal or informal, between two or more PERSONS, together with all modifications and amendments thereto.

3. The term "ARRANGEMENT(S)" means any AGREEMENT, understanding, or relationship—written or oral, formal or informal, binding or non-binding—between YOU and any THIRD PARTY CONCERNING the ACTION, INCLUDING all drafts, amendments, and extensions. Without limitation, ARRANGEMENTS INCLUDE any FUNDING AGREEMENT and any deal regarding financing or other support, insurance or indemnification, budgeting or control of litigation strategy, settlement authority, information sharing or confidentiality, or the assignment, sale, or other transfer of claims, judgments, or proceeds.

4. The term "ATHLETE" means any person who engages in amateur or professional sporting or entertainment EVENTS, INCLUDING MIXED MARTIAL ARTS ("MMA"), boxing, judo, WRESTLING, karate, kickboxing, jiu-jitsu, muay thai, pankration, vale tudo, sambo, sanshou, sanda, taekwondo, football, track and field, baseball, basketball, soccer, CrossFit, action films or theatrical performances, or any other form of sport or entertainment involving physical exercise.

5. The term "BELLATOR" means Bellator MMA, and any representative, agent, officer, or employee thereof.

6. The term "BOUT" refers to any fighting contest INCLUDING MMA, boxing, WRESTLING, karate, judo, kickboxing, jiu-jitsu, muay thai, pankration, vale tudo, sambo, sanshou, sanda, and taekwondo.

7. The term "BUSINESS" means any activities for income earning or related to YOUR profession.

8. The term "COLLECTION" means any completed, partial, or attempted acquisition, extraction, imaging, backup, export, or download of data from a DEVICE or source, whether full file system, physical, advanced logical, logical, iTunes or iCloud backup, cloud-based, or otherwise, performed by or on behalf of PLAINTIFF or his counsel in connection with this ACTION or any related action.

9. The term "COLLECTION REPORT" means any report, summary, log, case log, acquisition form, chain-of-custody record, examiner note, or other DOCUMENT generated by a VENDOR or forensic tool (including, without limitation, Cellebrite UFED, Cellebrite Physical Analyzer, Magnet AXIOM, MSAB XRY, VeraKey, or MobilEdit) that contains any of the categories of information reflected in the Consilio reports of DEFENDANTS' custodians' DEVICES that were provided to PLAINTIFF on June 1, 2026.

10. The term "COMBAT SPORT" means any competitive contact sport involving the use of any one or a combination of martial arts INCLUDING MMA, boxing, WRESTLING, judo, kickboxing, jiu-jitsu, muay thai, pankration, vale tudo, sambo, sanshou, sanda, and taekwondo.

11. The term "COMMUNICATION" means, without limitation, oral or written communications of any kind, such as (but not limited to) electronic communications, direct communications through social media (INCLUDING direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings.

12. The term "COMPLAINT" means the complaint filed by Plaintiff in Case No. 2:25-cv-00946-RFB-BNW, Dkt. No. 1.

13. The term "CONCERNING" means relating to, regarding, with respect to, referring to, in connection with, describing, evidencing, or constituting.

14. The term "COURT" means the United States District Court for the District of Nevada, or any other tribunal related to this ACTION.

15. The term "DEFENDANTS" means Zuffa, LLC, and TKO Group Holdings, Inc., and any representative(s), agent(s), officer(s), or employee(s) thereof.

16. The term "DELAWARE ACTION" means the action in the Delaware Court of Chancery styled as *In re WWE Merger Litig.*, C.A. No. 2023-1166-JTL.

17. The term "DOCUMENT(S)" shall be synonymous in meaning and equal in scope to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure, INCLUDING hard copies, electronic documents, electronic or computerized data compilations, software, software images, or downloads. This term shall apply to documents, whether in hard copy or electronic form, on any computers or any other system.

18. The term "DEVICE" means any mobile telephone, tablet, computer, or other electronic device that PLAINTIFF has used to send or receive COMMUNICATIONS at any time during the RELEVANT TIME PERIOD.

19. The term "ENDEAVOR" means Endeavor Group Holdings, Inc., and any representative, agent, officer, or employee thereof.

20. The term "EVENT" means any sporting or entertainment contest, show, tournament, competition, game, or race, INCLUDING professional or amateur sporting EVENTS, concerts, or theatrical performances.

21. The term "FUNDING AGREEMENT" means any agreement, term sheet, proposal, letter of intent, contract, side agreement, addendum, assignment, indemnity, insurance policy, or understanding—whether written, oral, or electronically memorialized—pursuant to which any THIRD-PARTY LITIGATION FUNDER has provided or agreed to provide any funding or financial support in connection with the ACTION.

22. The term "IDENTIFY" means:

a. When used with reference to an individual PERSON, organization, corporation, or association, to state the full name, home and work addresses, e-mail address, home and business telephone numbers, present or last known position, and business affiliation both in the past and at the time said Request or subpart thereof is being responded to;

b. In the case of a COMMUNICATION, to state its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the PERSON who made the COMMUNICATION, the identity of the PERSON who received the COMMUNICATION, the identity of each other PERSON present when it was made, and the subject matter discussed;

c. In the case of a DOCUMENT, to state the date it was created, its author, the signatory, if different, the addressee, the recipient of all copies, the type of DOCUMENT (e.g., chart, memorandum, letter, or other written document) and its present or last known custodian;

d. In the case of an AGREEMENT, to state its date, the place where it occurred, the identity of all PERSONS who were parties to the AGREEMENT, the identity of each PERSON who has knowledge of the AGREEMENT and all other PERSONS present when it was made, and the subject matter of the AGREEMENT;

e. In the case of an act, event, thing or occurrence, to state a detailed description, including complete references to date, place, and PERSON(S) involved; the nature and substance of all conversation or oral COMMUNICATIONS occurring during, or in connection with the act, transaction, occurrence, dealing or instance or reflecting the act, transaction, occurrence, dealing or instance;

f. In all other circumstances; to state with specificity the information called for, including the date, location, identity of the PERSON(S) involved, and all other relevant information.

23. The term "INCLUDING" means "including, but not limited to," and the term "INCLUDE" means "include, but is or are not limited to."

24. The term "*LE* LITIGATION" means *Le et al. v. Zuffa, LLC, et al.*, No. 2:15-cv-01045-RFB-PAL (D. Nev.).

25. The term "MERCHANDISE" means any apparel, footwear, hats, publications, posters, photographs, memorabilia, souvenirs, toys, collectibles, action figures, trading cards,

video games, and any and all other similar type products, INCLUDING the sleeves, jackets and packaging for such products.

26. The term “MESSAGING APPLICATION” means any application capable of sending or receiving messages, INCLUDING any application with ephemeral, auto-delete, or disappearing-message features, INCLUDING, e.g., Signal, Telegram, WhatsApp, Instagram, Facebook Messenger, iMessage/SMS/MMS, and Snapchat.

27. The term “MIXED MARTIAL ARTS” or “MMA” means a competitive individual sport in which competitors use interdisciplinary forms of martial arts that INCLUDE, e.g., jiu-jitsu, judo, karate, boxing, kickboxing, taekwondo, or WRESTLING to their strategic and tactical advantage in a supervised match.

28. The term “MMA INDUSTRY” means the business of promoting live MMA BOUTS as well as ancillary activities such as the sale of live and taped television programming, MERCHANDISE, EVENT and fighter SPONSORSHIPS, and the collection of MMA-related copyright and trademark royalties.

29. The term “OTHER PROMOTER” means any PROMOTER that is not the UFC. OTHER PROMOTER INCLUDES PROMOTERS which were subsequently acquired, or whose assets were acquired, by ZUFFA.

30. The term “PAY-PER-VIEW” refers to a type of pay television or broadcast service by which a subscriber of an Internet or television service provider can purchase EVENTS to view live via private telecast or Internet broadcast.

31. The term “PERSON” means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group, or other form of legal entity.

32. The term “PFL” means Professional Fighters League, and any representative, agent, officer, or employee thereof.

33. The term “PROMOTER” refers to any PERSON or entity that arranges EVENTS, INCLUDING any officer, director, manager, employee, agent, or any actual or purported representative of that person or entity.

34. The term "PROMOTIONAL" means used to advertise or promote an EVENT, ATHLETE, or PROMOTER in any medium, INCLUDING print, radio, television, video, film, and internet.

35. The term "PROMOTIONAL MATERIALS" means all materials used to advertise or promote an EVENT in any medium, INCLUDING print, radio, television, video, film, and internet.

36. The term "RELEVANT TIME PERIOD" means May 29, 2021, until the present, unless otherwise noted herein.

37. The term "SOCIAL MEDIA" means any website, application, or platform, through which users create online communities or networks to share information, ideas, messages, images, videos, and other content. This term INCLUDES, but is not limited to: social networking sites (e.g., Facebook, LinkedIn); status update platforms (e.g., X (formerly Twitter), Truth Social, Threads, Tumblr); photo and video sharing platforms (e.g., Instagram, Snapchat, TikTok, YouTube, Vimeo, Flickr, Pinterest); messaging and communication applications, INCLUDING ephemeral and encrypted messaging applications (e.g., WhatsApp, Facebook Messenger, Telegram, Signal, Discord, Slack, WeChat); blogs; vlogs; personal webpages; online forums; message boards and discussion groups (e.g., Reddit, Quora); review and rating platforms (e.g., Yelp, TripAdvisor, Google Reviews); live streaming platforms (e.g., Twitch, YouTube Live, Facebook Live); and any successor, predecessor, or similar platforms.

38. The term "SPONSOR" means any PERSON or entity which offers or pays any consideration to an ATHLETE or PROMOTER in exchange for the right to display its products, logo, or other PROMOTIONAL MATERIALS in connection with such ATHLETE or PROMOTER, or in exchange for the ATHLETE'S endorsement of the product.

39. The term "SPONSORSHIP" means related to any PERSON or entity which offers or pays any consideration to an ATHLETE or PROMOTER in exchange for the right to display its products, logo, or other PROMOTIONAL MATERIALS in connection with such ATHLETE or PROMOTER, or in exchange for the ATHLETE'S endorsement of the product.

40. The terms "THIRD PARTY" and "THIRD PARTIES" mean any non-party PERSON or entity.

41. The terms "THIRD-PARTY LITIGATION FUNDER" and "LITIGATION FUNDER" mean any non-party person or entity that has provided, offered, advised, negotiated, or otherwise been involved in providing funding, financing, insurance, indemnification, cost-sharing, or other monetary or in-kind support for any fees, costs, or expenses related to the ACTION, INCLUDING but not limited to litigation finance companies, other companies, hedge funds, private equity firms, insurers, brokers, claim management firms, PERSON(s), special purpose vehicles, and any intermediaries.

42. The term "VENDOR" means any e-discovery, forensic, or litigation-support provider, consultant, or expert, and any of PLAINTIFF'S counsel's personnel, that performed or attempted any COLLECTION.

43. The term "WRESTLING" INCLUDES both competitive wrestling and staged wrestling shows such as WWE and INCLUDES both amateur and professional WRESTLING.

44. The terms "YOU," "YOUR," "YOURSELF," and "PLAINTIFF" mean Phil Davis, and/or all PERSONS, INCLUDING both legal and natural persons, acting or purporting to act on behalf of Phil Davis, INCLUDING managers, agents, representatives, and attorneys.

45. The terms "ZUFFA" and "UFC" mean Zuffa, LLC, and Ultimate Fighting Championship, and any representative(s), agent(s), officer(s), or employee(s) thereof.

**INSTRUCTIONS**

1. The following rules of construction shall apply to all Requests as necessary to bring within the scope of the Request all responses or DOCUMENTS that might otherwise be construed to be outside of its scope: the use of a verb in any tense shall be construed to include the use of that verb in all other tenses, the use of a word in its singular form shall be construed to include within its use the plural form as well and vice versa, the connectives "and" and "or" shall be construed either disjunctively or conjunctively, and the terms "all," "any," and "each" shall be construed as "all, any, every, and each."

2. If any DOCUMENTS are withheld based on an objection to any Request, all DOCUMENTS covered by that Request but not subject to the objection should be produced.

3. DOCUMENTS not otherwise responsive to any of the Requests herein should be produced if such DOCUMENTS are attached to a DOCUMENT or thing called for by these Requests.

4. To the extent YOU contend that responsive DOCUMENTS cannot be produced pursuant to the notice and consent requirements contained in a protective order or AGREEMENT, the written response to each Request shall identify the specific provisions of the protective order or AGREEMENT on which PLAINTIFF is relying and the efforts that PLAINTIFF has undertaken and will undertake to provide notice and obtain consents.

5. Unless otherwise specified, the DOCUMENTS requested INCLUDE the responsive DOCUMENTS in YOUR actual or constructive possession, control, or custody, as well as the responsive DOCUMENTS in the actual or constructive possession, control or custody of YOUR employees, agents, representatives, managers, or any other PERSON acting or purporting to act on YOUR behalf, and, unless privileged and such privilege has not been waived, YOUR attorneys.

6. All responsive DOCUMENTS in YOUR possession, control, or custody that exist in electronic format (whether on internal or external hard drives; on desktop, laptop, notebook, tablet, or personal digital assistant computers; servers; CDs; DVDs; USB drives; or any other electronic medium) shall be produced in compliance with the ESI Stipulation agreed to by the

parties in this ACTION.

7. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, DOCUMENTS shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each DOCUMENT's custodian(s)), or (b) organized and labeled to correspond to the specific Request enumerated in these Requests, with such specific Request identified.

8. In producing DOCUMENTS, YOU are requested to produce a legible copy of each DOCUMENT requested together with all non-identical copies and drafts of that DOCUMENT. YOU shall retain all the original DOCUMENTS for inspection or copying throughout the pendency of this case, any appeal(s), and any related proceedings.

9. Any alteration of a responsive DOCUMENT, INCLUDING any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a DOCUMENT is a responsive DOCUMENT in its own right and must be produced.

10. DOCUMENTS should be produced in full, without abbreviation or expurgation, regardless of whether YOU consider the entire DOCUMENT to be relevant or responsive.

11. In instances where two or more exact duplicates of any DOCUMENT exist, the most legible copy shall be produced.

12. These Requests are to be considered continuing in nature, and YOU must promptly furnish supplemental responses in accordance with the requirements of Federal Rule of Civil Procedure 26(e) if any additional DOCUMENTS or information are discovered or created after YOUR responses are tendered, or if any of YOUR responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

13. Other than redactions of privileged information, as addressed in Paragraph 14 below, DOCUMENTS are to be produced in full and may not be redacted in any manner. If any requested DOCUMENT cannot be produced in full, produce it to the extent possible, and provide

the following information for each such DOCUMENT and each portion of such DOCUMENT withheld:

(a) the general subject matter of the DOCUMENT and each portion withheld;

(b) the date of the DOCUMENT;

(c) the author(s) of the DOCUMENT and their title(s);

(d) the recipient(s) of the DOCUMENT and their title(s); and

(e) the basis for withholding each portion of the DOCUMENT that is withheld from production.

14. To the extent YOU object to or claim a privilege with respect to any Request in whole or in part, provide the following information for each DOCUMENT and each portion of any DOCUMENT withheld:

(a) the type of DOCUMENT;

(b) the general subject matter of the DOCUMENT and each portion withheld;

(c) the date of the DOCUMENT;

(d) the author(s) of the DOCUMENT and their title(s);

(e) the recipient(s) of the DOCUMENT and their title(s); and

(f) all reasons and the underlying basis for YOUR objection to producing or claim of privilege for withholding such DOCUMENT and each withheld portion of a DOCUMENT in sufficient detail to permit the COURT to determine the validity of YOUR objection or claim of privilege.

Provide all DOCUMENTS, or portions of DOCUMENTS, responsive to the Request to the extent not privileged, and set forth all reasons and the underlying basis for YOUR objection or claim of privilege in sufficient detail to permit the COURT to determine the validity of YOUR objection or claim of privilege as to the remainder of the Request.

15. Unless otherwise specified, the geographic scope of these Requests is the entire world.

16. These Requests seek all responsive DOCUMENTS created or generated during the

RELEVANT TIME PERIOD, as well as responsive DOCUMENTS created or generated outside the RELEVANT TIME PERIOD, but which contain information CONCERNING the RELEVANT TIME PERIOD.

17. To the extent any defined terms are not superseded above, all definitions set forth in DEFENDANTS' First Set of Requests for Production, served on June 10, 2026, are incorporated herein by reference unless otherwise modified or noted.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 5**

All DOCUMENTS that YOU relied upon in drafting YOUR COMPLAINT or that support the allegations in YOUR COMPLAINT, INCLUDING all DOCUMENTS quoted, summarized, described, paraphrased, or referred to in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 6**

All DOCUMENTS supporting YOUR contention that any conduct alleged in YOUR COMPLAINT is not a continuation of, and does not share an identical factual predicate with, the conduct alleged in the *LE* LITIGATION.

**REQUEST FOR PRODUCTION NO. 7**

All DOCUMENTS that support or relate to YOUR claim that YOU have been damaged in any way by DEFENDANT's conduct as alleged in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 8**

All DOCUMENTS reflecting any conduct that YOU believe or contend is anticompetitive, illegal, monopolistic, or improper by any PROMOTER engaged in COMBAT SPORTS.

**REQUEST FOR PRODUCTION NO. 9**

All DOCUMENTS and COMMUNICATIONS CONCERNING the process by which ATHLETES were ranked or considered for BOUTS or title status, INCLUDING but not limited to any DOCUMENTS reflecting the criteria, policies, or procedures, if any, used by DEFENDANTS in determining whether to grant, deny, delay, or condition BOUTS or title status.

**REQUEST FOR PRODUCTION NO. 10**

All DOCUMENTS and COMMUNICATIONS CONCERNING any statements, conduct, or communications by any UFC matchmaker to ATHLETES regarding the signing, renewal, extension, or acceptance of the terms of an AGREEMENT with DEFENDANTS, INCLUDING but not limited to any DOCUMENTS or COMMUNICATIONS CONCERNING PLAINTIFF'S allegations in the COMPLAINT that an ATHLETE would be assigned to preliminary BOUTS, matched against unfavorable opponents, or otherwise subjected to adverse matchmaking decisions in connection with contract negotiations between DEFENDANTS and any ATHLETE.

**REQUEST FOR PRODUCTION NO. 11**

All DOCUMENTS and COMMUNICATIONS between YOU and ENDEAVOR. This request INCLUDES, but is not limited to, all DOCUMENTS that support or relate to YOUR contention that ENDEAVOR engaged in, directed, or participated in, any of the anticompetitive conduct alleged in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 12**

All DOCUMENTS CONCERNING any COMMUNICATIONS with or about the DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 13**

All COMMUNICATIONS and DOCUMENTS reflecting COMMUNICATIONS YOU have made or received regarding this ACTION or the LE LITIGATION, *Johnson et al. v. Zuffa, LLC*, No. 2:21-cv-01189-RFB-BNW (D. Nev.), or *Cirkunovs et al. v. Zuffa, LLC*, No. 2:25-cv-00914-RFB-BNW (D. Nev.), INCLUDING COMMUNICATIONS related to any of the allegations in YOUR COMPLAINT; COMMUNICATIONS related to any of the allegations in the complaints in these actions; and COMMUNICATIONS related to any allegations related to any potential class members in this ACTION, or in any of the aforementioned actions.

**REQUEST FOR PRODUCTION NO. 14**

All DOCUMENTS CONCERNING YOUR status as a class member in the *LE* LITIGATION, INCLUDING (a) any notice received CONCERNING the *Le* class, settlement, opt-out rights, or release; (b) any election to opt out or remain in the class; (c) any COMMUNICATIONS with class counsel or other class members regarding the *LE* LITIGATION, the settlement, or the release; and (d) any claim form, proof of claim, or settlement payment received.

**REQUEST FOR PRODUCTION NO. 15**

All statements that YOU have made under oath, INCLUDING but not limited to depositions, declarations, affidavits, or trial testimony relating to any sport or EVENT or YOUR services as an ATHLETE.

**REQUEST FOR PRODUCTION NO. 16**

DOCUMENTS sufficient to identify any legal filing, accusation, claim, judgment, or request for relief that has been made against YOU.

**REQUEST FOR PRODUCTION NO. 17**

All DOCUMENTS CONCERNING YOUR submissions to or COMMUNICATIONS with any federal, state or local government entity, INCLUDING all DOCUMENTS or COMMUNICATIONS relating to any complaint or investigation and any submissions or COMMUNICATIONS CONCERNING any license or permit.

**REQUEST FOR PRODUCTION NO. 18**

All DOCUMENTS and COMMUNICATIONS CONCERNING (a) the termination, expiration, or non-renewal of any AGREEMENT between YOU and ZUFFA or the UFC; (b) YOUR departure from the UFC, INCLUDING the date of YOUR last UFC BOUT; and (c) any actual, potential, or anticipated return to the UFC, INCLUDING any approach, inquiry, negotiation, or offer. This Request is not limited to the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 19**

DOCUMENTS sufficient to show any extensions to or tolling of the term of YOUR AGREEMENTS with any PROMOTER, INCLUDING the duration and the reason for the tolling or extension. This Request is not limited to the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 20**

All DOCUMENTS relating to any publicity materials, resume, publication, article, public appearance, promotional event, internet site content, speech, video, or other media in which YOUR experience or affiliation with the UFC, INCLUDING but not limited to The Ultimate Fighter TV show, is referred to.

**REQUEST FOR PRODUCTION NO. 21**

All AGREEMENTS between YOU and any PERSON related to the provision of YOUR services or rights in connection with any COMBAT SPORT, INCLUDING participation in any BOUT or competition, serving as a commentator, or making a personal appearance. This Request is not limited to the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 22**

All DOCUMENTS and COMMUNICATIONS between YOU and any PERSON related to any actual or potential provision of YOUR services in connection with any COMBAT SPORT.

**REQUEST FOR PRODUCTION NO. 23**

All DOCUMENTS and COMMUNICATIONS related to any actual or potential AGREEMENTS entered into between YOU and any PERSON or PROMOTER for YOUR services as an agent, manager, PROMOTER, coach, trainer, cornerman, or other service provided to any ATHLETE, regardless of whether such COMMUNICATION resulted in an actual AGREEMENT.

**REQUEST FOR PRODUCTION NO. 24**

All DOCUMENTS and COMMUNICATIONS related to any actual or potential AGREEMENTS entered into between YOU and any PERSON or PROMOTER for activities or services related to YOUR provision of services as an ATHLETE, regardless of whether such COMMUNICATION resulted in an actual AGREEMENT.

**REQUEST FOR PRODUCTION NO. 25**

DOCUMENTS sufficient to show all compensation paid to YOU by any PROMOTER, INCLUDING but not limited to YOUR base salary, payment or compensation; bonuses of any kind; discretionary payments; signing bonuses; broadcast royalties; PAY-PER-VIEW shares; MERCHANDISE payments; appearance fees; or any other compensation, broken down by date, PROMOTER, amount of payment, and source of revenue. This Request is not limited to the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 26**

DOCUMENTS sufficient to show all income YOU received from any source other than a PROMOTER since YOU first participated in an MMA fight for compensation, INCLUDING information showing the amount YOU received; the source of that income; the service rendered or property, whether tangible or intangible, delivered in exchange for any payment; the date on which the payment was received; and, for recurring payments, the frequency of such payments.

**REQUEST FOR PRODUCTION NO. 27**

DOCUMENTS sufficient to show any expenses YOU incurred as an ATHLETE since YOU became a professional MMA fighter, INCLUDING but not limited to gym fees, management fees, trainer fees, travel expenses, medical expenses, and marketing or promotional costs, broken down by date and expense, and the extent to which any other PERSON paid or reimbursed YOU for the costs of those expenses.

**REQUEST FOR PRODUCTION NO. 28**

DOCUMENTS sufficient to show any EVENT, INCLUDING any sporting event, tournament, or competition, that YOU participated in, INCLUDING but not limited to MMA, boxing, karate, muay thai, jiu-jitsu, judo, kickboxing, and WRESTLING, the date and location of such EVENTS, tournaments or competitions and whether YOU received any compensation, monetary or otherwise, for participation and/or placement in the EVENT, tournament or competition, and, if so, the amount of such compensation. This Request is not limited to the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 29**

DOCUMENTS sufficient to show any license YOU have obtained to compete in any professional or amateur sporting event.

**REQUEST FOR PRODUCTION NO. 30**

All DOCUMENTS showing any medical or disciplinary suspension YOU have received in any professional or amateur sport or any other circumstances that prevented YOU from participating for any period of time as an ATHLETE or made YOU retire from being an ATHLETE.

**REQUEST FOR PRODUCTION NO. 31**

All tax returns YOU filed from 2008 to present, with attached schedules, INCLUDING all federal, state, and local returns YOU filed in the United States and any tax DOCUMENTS YOU filed in any foreign jurisdiction.

**REQUEST FOR PRODUCTION NO. 32**

Articles of incorporation, charters, bylaws, operating agreements, and any other

DOCUMENTS relating to any corporate entity in which YOU have an interest or of which YOU are an officer, director, member, and/or partner, INCLUDING those corporate entities which relate in any way to the provision of YOUR services as an ATHLETE.

**REQUEST FOR PRODUCTION NO. 33**

DOCUMENTS sufficient to show all international travel that YOU have engaged in related in any way to YOUR role as an ATHLETE or related to the MMA INDUSTRY, and whether YOU were reimbursed for any expenses incurred in the course of that travel, INCLUDING for airfare, lodging, meals, and local transportation.

**REQUEST FOR PRODUCTION NO. 34**

DOCUMENTS sufficient to show the identity of all employees, agents, representatives, managers, or any other PERSONS who have acted or have purported to act on YOUR behalf related to YOUR services as an ATHLETE.

**REQUEST FOR PRODUCTION NO. 35**

All COMMUNICATIONS CONCERNING or RELATED TO any offers made to YOU by OTHER PROMOTERS of COMBAT SPORTS. This Request is not limited to the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 36**

All COMMUNICATIONS with any agent or manager CONCERNING or RELATED TO any potential contracts with the UFC or any OTHER PROMOTER of COMBAT SPORTS.

**REQUEST FOR PRODUCTION NO. 37**

All AGREEMENTS between YOU and PFL, INCLUDING any PROMOTIONAL AGREEMENTS, BOUT AGREEMENTS, SPONSORSHIP AGREEMENTS, or any other AGREEMENTS governing YOUR relationship with PFL, from the inception of YOUR relationship with PFL to the present.

**REQUEST FOR PRODUCTION NO. 38**

All DOCUMENTS and COMMUNICATIONS CONCERNING the terms, negotiation, or execution of any contracts or AGREEMENTS between YOU and PFL INCLUDING but not limited to COMMUNICATIONS regarding BOUT compensation, purse amounts,

SPONSORSHIP revenue, revenue sharing, equity interests, bonuses, prize money, PAY-PER-VIEW revenue shares, appearance fees, licensing fees, or any other form of consideration or remuneration received or expected to be received from PFL.

**REQUEST FOR PRODUCTION NO. 39**

All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR BOUTS for PFL, INCLUDING but not limited to matchmaking discussions, scheduling, opponent selection, EVENT promotion, and media appearances.

**REQUEST FOR PRODUCTION NO. 40**

All AGREEMENTS between YOU and BELLATOR, INCLUDING any PROMOTIONAL AGREEMENTS, BOUT AGREEMENTS, SPONSORSHIP AGREEMENTS, or any other AGREEMENTS governing YOUR relationship with BELLATOR, from the inception of YOUR relationship with BELLATOR to the present.

**REQUEST FOR PRODUCTION NO. 41**

All DOCUMENTS and COMMUNICATIONS CONCERNING the terms, negotiation, or execution of any contracts or AGREEMENTS between YOU and BELLATOR INCLUDING but not limited to COMMUNICATIONS regarding BOUT compensation, purse amounts, SPONSORSHIP revenue, revenue sharing, equity interests, bonuses, prize money, PAY-PER-VIEW revenue shares, appearance fees, licensing fees, or any other form of consideration or remuneration received or expected to be received from BELLATOR. This Request is not limited to the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 42**

All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR BOUTS for BELLATOR, INCLUDING but not limited to matchmaking discussions, scheduling, opponent selection, EVENT promotion, and media appearances. This Request is not limited to the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 43**

All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR assessment, evaluation, or comparison of PFL and BELLATOR relative to the UFC or any OTHER

PROMOTER of COMBAT SPORTS, INCLUDING but not limited to YOUR experience fighting for PFL and BELLATOR, PFL and BELLATOR's compensation structures or amounts, PFL and BELLATOR's ability to attract ATHLETES, PFL and BELLATOR's competitive positions in the marketplace, PFL and BELLATOR's viewership or revenues, the quality of competition available to YOU at PFL and BELLATOR, YOUR understanding of the factors driving PFL and BELLATOR's offers of compensation to YOU, and any impact of the alleged conduct described in the COMPLAINT on YOUR career opportunities, rankings, or compensation at PFL and BELLATOR.

**REQUEST FOR PRODUCTION NO. 44**

All DOCUMENTS and COMMUNICATIONS between YOU and any PERSON CONCERNING the decision of any ATHLETE, INCLUDING, but not limited to, Francis Ngannou, to sign with PFL, INCLUDING but not limited to any discussions about the impact of any ATHLETE'S signing on PFL's competitive standing, YOUR career opportunities at PFL, or the availability of high-profile opponents for YOUR BOUTS.

**REQUEST FOR PRODUCTION NO. 45**

All DOCUMENTS and COMMUNICATIONS CONCERNING any reason, other than conduct by DEFENDANTS, for any limitation on the compensation, BOUTS, opponents, rankings, title opportunities, viewership, or career opportunities available to YOU at BELLATOR, PFL, or any OTHER PROMOTER, INCLUDING YOUR age, injuries, performance, BOUT results, weight class, marketability, or contract terms, and the business, financial, broadcast, or matchmaking decisions of BELLATOR, PFL, or any OTHER PROMOTER.

**REQUEST FOR PRODUCTION NO. 46**

All DOCUMENTS and COMMUNICATIONS CONCERNING the business strategy, financial condition, investment, funding, revenues, profitability, losses, media rights or broadcast AGREEMENTS, viewership, attendance, or ticket sales of BELLATOR, PFL, or any OTHER PROMOTER for which YOU have competed or with which YOU have negotiated, INCLUDING any DOCUMENTS CONCERNING Paramount Global's decision to cease airing BELLATOR EVENTS and the sale of BELLATOR to PFL.

**REQUEST FOR PRODUCTION NO. 47**

All DOCUMENTS and COMMUNICATIONS CONCERNING how BELLATOR, PFL, or any OTHER PROMOTER determined, set, or negotiated YOUR compensation, INCLUDING any budget, pay scale, compensation policy, revenue projection, or explanation provided to YOU or YOUR agents or managers for any offer, counteroffer, increase, or decrease in YOUR compensation.

**REQUEST FOR PRODUCTION NO. 48**

All DOCUMENTS and COMMUNICATIONS CONCERNING any exclusivity, right-to-match, matching period, exclusive negotiation period, champion's clause, tolling, extension, retirement, option, or "UFC-out" provision in any AGREEMENT between YOU and BELLATOR, PFL, or any OTHER PROMOTER, INCLUDING any exercise or attempted exercise of any such provision.

**REQUEST FOR PRODUCTION NO. 49**

All DOCUMENTS and COMMUNICATIONS CONCERNING any BOUT, opponent, EVENT, or offer that YOU declined, rejected, postponed, or withdrew from, INCLUDING the reasons for doing so. This Request is not limited to the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 50**

All DOCUMENTS and COMMUNICATIONS CONCERNING any decision by BELLATOR, PFL, or any OTHER PROMOTER not to schedule YOU for a BOUT, not to match YOU against a particular opponent, not to offer YOU a title BOUT or tournament position, or to release YOU or decline to renew or extend any AGREEMENT with YOU.

**REQUEST FOR PRODUCTION NO. 51**

All DOCUMENTS and COMMUNICATIONS CONCERNING any attempt by YOU, YOUR agents or managers, BELLATOR, PFL, or any OTHER PROMOTER to arrange a co-promoted BOUT or EVENT, INCLUDING any request to DEFENDANTS to co-promote and any response.

**REQUEST FOR PRODUCTION NO. 52**

All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR decision to sign

with BELLATOR in or around 2015, INCLUDING any competing offers YOU received, the terms offered by ZUFFA and BELLATOR, any exercise or waiver of any right to match, and the reasons for YOUR decision.

**REQUEST FOR PRODUCTION NO. 53**

DOCUMENTS sufficient to show YOUR ranking and the ranking of each opponent YOU faced in any BOUT since 2015, as reported by FightMatrix or any other ranking source, and all DOCUMENTS CONCERNING YOUR rankings.

**REQUEST FOR PRODUCTION NO. 54**

All DOCUMENTS and COMMUNICATIONS between YOU and any PERSON CONCERNING any ATHLETE who left the UFC to compete for BELLATOR, PFL, or any OTHER PROMOTER, or who left BELLATOR, PFL, or any OTHER PROMOTER to compete for the UFC, INCLUDING the reasons for any such move.

**REQUEST FOR PRODUCTION NO. 55**

All DOCUMENTS and COMMUNICATIONS CONCERNING any statement by BELLATOR, PFL, or any OTHER PROMOTER, or any of their executives, that BELLATOR, PFL, or such OTHER PROMOTER competes or competed with the UFC for ATHLETES, viewers, SPONSORS, or broadcast partners, or offers or offered compensation, terms, or opportunities comparable to or better than those offered by the UFC.

**REQUEST FOR PRODUCTION NO. 56**

All DOCUMENTS and COMMUNICATIONS CONCERNING PFL's tournament, season, or league format, INCLUDING any prize money, the PFL Light Heavyweight World tournament referenced in the COMPLAINT, and any effect of that format on YOUR BOUTS, opponents, or compensation.

**REQUEST FOR PRODUCTION NO. 57**

All DOCUMENTS and COMMUNICATIONS CONCERNING PFL's international expansion or regional leagues, INCLUDING PFL Europe and PFL Africa, and any EVENTS outside the United States in which YOU competed or were offered the opportunity to compete.

**REQUEST FOR PRODUCTION NO. 58**

DOCUMENTS sufficient to identify each ATHLETE that YOU contend BELLATOR, PFL, or any OTHER PROMOTER was unable to sign or retain because of conduct by DEFENDANTS, and all DOCUMENTS supporting that contention.

**REQUEST FOR PRODUCTION NO. 59**

All DOCUMENTS supporting YOUR contention that, absent the conduct alleged in the COMPLAINT, BELLATOR, PFL, or any OTHER PROMOTER would have paid YOU more, offered YOU more or better BOUTS, or provided YOU greater career opportunities, INCLUDING any analysis, estimate, or calculation of the compensation or opportunities YOU contend YOU would have received.

**REQUEST FOR PRODUCTION NO. 60**

All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR training, physical condition, injuries, medical treatment, and plans for retirement or continuation of YOUR career since 2015, to the extent they CONCERN YOUR ability or availability to compete or YOUR value as an ATHLETE.

**REQUEST FOR PRODUCTION NO. 61**

All AGREEMENTS between YOU and any SPONSOR.

**REQUEST FOR PRODUCTION NO. 62**

All DOCUMENTS and COMMUNICATIONS related to any actual or potential AGREEMENTS between YOU and any SPONSOR, INCLUDING any actual or potential approach, solicitation, negotiation, inquiry, proposal, regardless of whether such COMMUNICATION resulted in an AGREEMENT.

**REQUEST FOR PRODUCTION NO. 63**

All COMMUNICATIONS or DOCUMENTS between YOU and any PERSON regarding any actual or potential opportunity for YOU related to any SPONSOR.

**REQUEST FOR PRODUCTION NO. 64**

All DOCUMENTS and COMMUNICATIONS relating to any actual or potential opportunity that YOU contend YOU were unable to exploit as a result of any conduct on the part

of ZUFFA or any contractual arrangement to which ZUFFA was or is a party, INCLUDING any opportunity to generate revenue from activities related to MMA or any form of athletic competition, or opportunities relating to SPONSORS or MERCHANDISE.

**REQUEST FOR PRODUCTION NO. 65**

All AGREEMENTS with any THIRD PARTY CONCERNING or RELATED TO the use of YOUR name, image, or likeness or providing for a payment(s) to YOU to endorse or use any product(s) of any THIRD PARTY.

**REQUEST FOR PRODUCTION NO. 66**

All COMMUNICATIONS with any agent or manager CONCERNING or RELATED TO any potential or actual contract with any THIRD PARTY CONCERNING or RELATED TO the use of YOUR name, image, or likeness or providing for payment(s) to YOU to endorse or use any product(s) of any THIRD PARTY.

**REQUEST FOR PRODUCTION NO. 67**

DOCUMENTS sufficient to identify each electronic DEVICE that YOU used to transmit or receive COMMUNICATIONS CONCERNING YOUR BUSINESS during the RELEVANT TIME PERIOD, INCLUDING but not limited to: cellular telephones, laptop or notebook computers, desktop computers, and portable tablets, INCLUDING but not limited to any electronic device that YOU purchased, that was purchased for YOU, or that was issued to YOU.

**REQUEST FOR PRODUCTION NO. 68**

For all mobile phone numbers subscribed to, used by, or otherwise associated with PLAINTIFF, provide DOCUMENTS sufficient to identify the names of carriers that serviced all devices connected to these phone numbers. This should include, without limitation, subscriber information, including, but not limited to, billing information, service start and stop dates, and DOCUMENTS sufficient to show changes to any such subscriber information, over the RELEVANT TIME PERIOD. To the extent available, provide the following additional information: (1) records of "talk" and/or "call details," including the number a call is received from or made to, whether the call is incoming or outgoing, the date and time of the call (Pacific Standard Time Zone), the length of the call, and, to the extent such information is available or maintained

separately, any calls to check voicemail; (2) text message reports, including the incoming and outgoing phone numbers, the date and time the message was sent and received, and the number of messages sent (but not any text message content), over the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 69**

For all mobile phone numbers subscribed to, used by, or otherwise associated with PLAINTIFF, provide all activity logs or log files from messaging applications, communication platforms, and social networking services—excluding carrier-level call detail records and SMS/MMS logs responsive to Request for Production No. 68—including, but not limited to, user activities related to (a) one-to-one and group messaging communications conducted through such applications, platforms, or services, including sender and recipient identifiers (e.g., user IDs/handles/phone numbers), group identifiers, date/time stamps (with time zone), delivery status, and message size or length, excluding message contents; (b) one-to-one and group voice or video calls conducted through such applications, platforms, or services, including caller/callee identifiers, date/time stamps (with time zone), call duration, and call disposition, excluding call contents; (c) participation in group memberships on such applications, platforms, or services, including group identifiers, group name, date/time of user joining or leaving, and group administrator(s), excluding any content of group messages; and (d) uploading videos or other posts; making comments on other users' posts; reacting to other users' posts; saving or bookmarking other users' posts; messaging, following, or "friending" other users; participating in live chats; and/or engaging in other public or private social networking activities on any such application, platform, or service, including the date, time, and user(s) associated with the individual's use of YOUR features.

**REQUEST FOR PRODUCTION NO. 70**

For all mobile phone accounts subscribed to, used by, or otherwise associated with PLAINTIFF, and for each account identified in response to Request No. 72, provide DOCUMENTS sufficient to show all payment and billing records, including payment method type, billing address, dates of payments, subscription status, and transaction logs, excluding full financial account numbers.

**REQUEST FOR PRODUCTION NO. 71**

For all mobile phone accounts subscribed to, used by, or otherwise associated with PLAINTIFF, provide DOCUMENTS sufficient to IDENTIFY the current account status (active, deactivated, permanently deleted) and records IDENTIFYING the creation, deletion, deactivation, or reactivation of each account, including date/time stamps and the method by which such action occurred.

**REQUEST FOR PRODUCTION NO. 72**

DOCUMENTS sufficient to identify each messaging account or SOCIAL MEDIA account that YOU used to conduct COMMUNICATIONS CONCERNING YOUR BUSINESS during the RELEVANT TIME PERIOD, INCLUDING but not limited to: Discord, Facebook, Google Chat, iMessage, Instagram, Kik, Microsoft Teams, Signal, Skype, Slack, Snapchat, Telegram, TikTok, Truth Social, WhatsApp, WeChat, and Zoom.

**REQUEST FOR PRODUCTION NO. 73**

DOCUMENTS sufficient to identify all SOCIAL MEDIA username(s) and handle(s) for each account identified in response to Request No. 72.

**REQUEST FOR PRODUCTION NO. 74**

DOCUMENTS sufficient to identify each email account that YOU used to conduct COMMUNICATIONS CONCERNING YOUR BUSINESS during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 75**

All SOCIAL MEDIA posts and messages, INCLUDING drafts and unpublished versions, CONCERNING or RELATED TO the UFC or any OTHER PROMOTER of COMBAT SPORTS.

**REQUEST FOR PRODUCTION NO. 76**

All SOCIAL MEDIA posts and messages CONCERNING or RELATED TO any allegation that YOU have made in the ACTION.

**REQUEST FOR PRODUCTION NO. 77**

All DOCUMENTS and COMMUNICATIONS CONCERNING any litigation hold notices, preservation notices, and similar directives issued in connection with this ACTION,

INCLUDING any directive CONCERNING the preservation of Signal messages or messages sent or received through any other MESSAGING APPLICATION. This should INCLUDE any reminder, reissuance, or modification of any such directive, and all DOCUMENTS reflecting the transmittal, receipt, or acknowledgment of each of the foregoing, INCLUDING DOCUMENTS showing the date on which it was issued, the PERSONS to whom it was issued, and the method by which it was issued.

**REQUEST FOR PRODUCTION NO. 78**

All litigation hold notice(s) or preservation notice(s) that YOUR counsel sent to YOU in connection with the ACTION, INCLUDING any later reminders, reissuances, or modifications, and DOCUMENTS sufficient to show the date on which each was sent and received.

**REQUEST FOR PRODUCTION NO. 79**

DOCUMENTS sufficient to show each step YOU took to preserve DOCUMENTS and COMMUNICATIONS relevant to the ACTION, INCLUDING the date YOU first took any such step, any disabling of automatic deletion or “disappearing message” settings, and any enabling of cloud backup.

**REQUEST FOR PRODUCTION NO. 80**

DOCUMENTS sufficient to show any device or application settings, at any time during the RELEVANT TIME PERIOD, that provided for the automatic deletion or expiration of messages on any device or account identified in response to Request Nos. 67, 72, or 74, and any changes to those settings, INCLUDING the date of each change.

**REQUEST FOR PRODUCTION NO. 81**

All DOCUMENTS and COMMUNICATIONS CONCERNING the loss, deletion, destruction, reset, replacement, damage, theft, disposal, or unavailability of any device, account, or data source identified in response to Request Nos. 67, 72, or 74, or of any DOCUMENTS or COMMUNICATIONS relevant to the ACTION, INCLUDING any effort by YOU or anyone acting on YOUR behalf to preserve, back up, recover, or restore such data.

**REQUEST FOR PRODUCTION NO. 82**

DOCUMENTS sufficient to identify each e-discovery vendor, forensic examiner, or other

PERSON that has collected, imaged, extracted, or processed YOUR electronically stored information in connection with the ACTION or any of the actions identified in Request No. 13, and the dates of each collection.

**REQUEST FOR PRODUCTION NO. 83**

All COLLECTION REPORTS for each DEVICE belonging to, used by, or otherwise associated with PLAINTIFF that INCLUDE, but are not limited to: (1) preliminary device information: the MSISDN (telephone number), each IMEI (including any IMEI2), the IMSI, the serial number, the DEVICE name, the make and model (including model number), the operating system version, any mobile device management (MDM) solution; the Apple ID or other primary account, the assigned Universal Unique Identifier (UUID) or equivalent identifier, all email accounts associated with the DEVICE via Apple ID or other account, all MSISDNs tied to the DEVICE via Apple Continuity or otherwise, all iCloud or other cloud sync timestamps, the "My Card" or equivalent owner contact information, and, if synced with a Windows computer, the Phone Link identifier; (2) all DEVICE-level iCloud or other cloud sync information (including the date of the last iCloud backup) and all per-application iCloud or cloud sync information; (3) a full list of installed applications (including, for each, its name, bundle identifier, application ID, and category), and a full list of application accounts (including, for each, the username, service type, account name, number of entries, and source); (4) every MESSAGING APPLICATION installed on the DEVICE, all message retention, auto-delete, or disappearing-message settings for each MESSAGING APPLICATION (INCLUDING any change(s) to those settings and the date of each change), the accounts and usernames in use, the number of daily chat threads, and the earliest and latest message dates; and (5) for the iOS SMS.db and any other MESSAGING APPLICATION message database, the results of any examination of that database, including (a) each ROWID gap, with the previous ROWID, the next ROWID, the number of missing rows, and the beginning and ending timestamps; (b) each date or time gap of 24 hours or more between consecutive messages, with the ROWID, the previous and current timestamps, and the length of the gap; (c) all orphaned handles; (d) all messages not linked to a chat, with the message ID, GUID, and timestamp; and (e) all chats with no messages, with the chat ID, GUID, and chat identifier.

**REQUEST FOR PRODUCTION NO. 84**

All extraction logs for each completed full file system COLLECTION of each DEVICE belonging to, used by, or otherwise associated with PLAINTIFF.

**REQUEST FOR PRODUCTION NO. 85**

DOCUMENTS sufficient to identify any device, account, or data source identified in response to Request Nos. 67, 72, or 74 that has not been collected, imaged, or extracted, and the reason it has not been.

**REQUEST FOR PRODUCTION NO. 86**

All COMMUNICATIONS with counsel in the DELAWARE ACTION CONCERNING any request for, or subpoena seeking, information CONCERNING the DELAWARE ACTION.

**REQUEST FOR PRODUCTION NO. 87**

All subpoenas or other legal process issued to obtain information CONCERNING the DELAWARE ACTION.

**REQUEST FOR PRODUCTION NO. 88**

All DOCUMENTS obtained from counsel in the DELAWARE ACTION CONCERNING the DELAWARE ACTION.

**REQUEST FOR PRODUCTION NO. 89**

DOCUMENTS sufficient to identify the date on and manner in which YOU received any information CONCERNING the DELAWARE ACTION, the PERSONS who viewed such information, any steps YOU took to preserve the information, and what steps, if any, YOU have taken to destroy or return such information.

**REQUEST FOR PRODUCTION NO. 90**

All DOCUMENTS and COMMUNICATIONS regarding YOUR use of information CONCERNING the DELAWARE ACTION.

**REQUEST FOR PRODUCTION NO. 91**

DOCUMENTS sufficient to show all other litigation in which YOU have served subpoenas or informally contacted other counsel CONCERNING the DELAWARE ACTION and what, if any, DOCUMENTS or information YOU may have obtained from those sources.

**REQUEST FOR PRODUCTION NO. 92**

A copy of any engagement letter or other writing memorializing YOUR ARRANGEMENTS with any THIRD-PARTY sources of financial support for purposes of investigating, analyzing, addressing, or pursuing litigation based on the claims YOU allege against DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 93**

DOCUMENTS sufficient to show the parameters of any funding ARRANGEMENT YOU have entered into with THIRD PARTIES, INCLUDING DOCUMENTS sufficient to identify the PERSONS and/or entities funding this ACTION, the nature of the funding ARRANGEMENT, and when the funding ARRANGEMENT commenced.

**REQUEST FOR PRODUCTION NO. 94**

All DOCUMENTS and COMMUNICATIONS exchanged between YOU and YOUR LITIGATION FUNDER to the ACTION or any potential LITIGATION FUNDER, INCLUDING but not limited to any funding or potential funding of the ACTION, any analyses of YOUR claims, defenses, or strategies in this ACTION, and the expected timing or outcome of the ACTION.

**REQUEST FOR PRODUCTION NO. 95**

All DOCUMENTS provided to any THIRD-PARTY LITIGATION FUNDER in connection with actual or potential funding of the ACTION, INCLUDING but not limited to pitch decks, presentations, memoranda, case assessments, budgets, workplans, expert analyses, and damages models.

**REQUEST FOR PRODUCTION NO. 96**

All DOCUMENTS relating to due diligence conducted by any THIRD-PARTY LITIGATION FUNDER relating to the ACTION, INCLUDING but not limited to LITIGATION FUNDER-generated analyses, reports, risk assessments, memoranda, or summaries relating to case merits, damages, liability, or defenses.

**REQUEST FOR PRODUCTION NO. 97**

All DOCUMENTS relating to any control, approval, consent, or veto rights held or asserted by any THIRD-PARTY LITIGATION FUNDER over YOUR litigation strategy, retention of

experts, settlement strategy, settlement authority or thresholds, appeal decisions, or budget allocations.

**REQUEST FOR PRODUCTION NO. 98**

All DOCUMENTS and COMMUNICATIONS relating to any actual or potential conflict of interest arising from any funding ARRANGEMENT, INCLUDING any disclosures to the COURT and any consents or waivers obtained relating to those conflicts.

**REQUEST FOR PRODUCTION NO. 99**

All DOCUMENTS and COMMUNICATIONS governing YOUR interaction with YOUR THIRD-PARTY LITIGATION FUNDER(S), INCLUDING but not limited to any internal or external ethical guidelines or confidentiality agreements invoked in connection with the ACTION.

**REQUEST FOR PRODUCTION NO. 100**

All DOCUMENTS governing YOUR fee agreement(s) and arrangements with counsel in connection with the ACTION.

**REQUEST FOR PRODUCTION NO. 101**

All DOCUMENTS CONCERNING DEFENDANTS that are not responsive to any other request herein.

Dated: November 12, 2026

WILLIAM A. ISAACSON (*Pro hac vice*)
wisaacson@dirllp.com
JESSICA PHILLIPS (*Pro hac vice*)
jphillips@dirllp.com
AGBEKO PETTY (*Pro hac vice*)
apetty@dirllp.com
BENJAMIN J. CABRANES (*Pro hac vice*)
bcabranes@dirllp.com
DUNN ISAACSON RHEE LLP
401 Ninth Street NW
Washington, DC 20004
Tel: (202) 240-2900

YOTAM BARKAI (*Pro hac vice*)
ybarkai@dirllp.com
MATTHEW D. KAMINER (*Pro hac vice*)
mkaminer@dirllp.com
DUNN ISAACSON RHEE LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 389-9704

SAMUEL R. MIRKOVICH (No. 11662)
srm@cwlawlv.com
PHILIP R. ERWIN (No. 11563)
pre@cwlawlv.com
CAMPBELL & WILLIAMS
710 South 7th Street, Ste. A
Las Vegas, NV 89101
Tel: (702) 382-5222

By: /s/ *Christopher S. Yates*
CHRISTOPHER S. YATES (*Pro hac vice*)
chris.yates@lw.com
AARON T. CHIU (*Pro hac vice*)
aaron.chiu@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600

SEAN M. BERKOWITZ *(Pro hac vice)*
sean.berkowitz@lw.com
LATHAM & WATKINS LLP
330 North Wabash Ave, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700

JOSEPH AXELRAD (*Pro hac vice*)
joseph.axelrad@lw.com
DANIELLE LENECK (*Pro hac vice*)
danielle.leneck@lw.com
LATHAM & WATKINS LLP
10250 Constellation Blvd, Suite 1100
Los Angeles, CA 90067
Tel: (424) 653-5500

DAVID L. JOHNSON (*Pro hac vice*)
david.johnson@lw.com
LATHAM & WATKINS LLP
555 11th Street NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-1061

*Attorneys for Defendants Zuffa, LLC and TKO Group Holdings, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Defendants Zuffa, LLC and TKO Group Holdings, Inc.'s Second Set of Requests for Production of Documents to Phil Davis was served on November 12, 2026 via email to all parties on the e-service list.

/s/ *Clayton Wiggins*